Ruffin, C. J.
 

 There are several reasons why the defendant can take nothing on his first point.
 

 In the first place, error will not lie for a refusal to non-suit ; because the Court is not bound to do so in any case, but has the discretion to leave the matter to the decision of the jury ; except in the few cases, in which the duty is imposed by statute. The defendant should have asked an instruction to the jury, and then he might have brought his case here, for a wrong direction given, or a right one refused. In the second place, if the objection had been good at the time it was taken, it was immediately overruled by the defendant’s own proof, that the evidence of the plaintiff on the trial of Adams was material, and-, indeed, that it went to the gist of the matter. The defendant, himself, thus shews, that the error,, of which he complains, if an error at all, was- merely abstract and harmless in this case, under the facts actually existing ;• and a verdict on the merits is to be set aside, only for an error practically prejudicial.
 

 
 *32
 
 But, lastly, the decision was not erroneous, but perfectly correct in itself. The plaintiff was not bound to prove more, than his declaration ought to contain. As the words did not directly import a charge of perjury, but only that the plaintiff was foresworn, it was necessary to allege, as inducement, that there was a judicial proceeding-, in which the plaintiff gave evidence as a witness, and that the defendant referred to that in making the charge. But the particular evidence given by the plaintiff is never, wc believe, set forth in the declaration ; and therefore need not be proved. In practice, plaintiffs have never been called on for such proof. The precedents contain, after the inducements and colloquium, the words spoken, and the averment, that the defendant thereby meant to charge, that the plaintiff in giving his evidence committed perjury.
 
 Whitaker
 
 v.
 
 Carter, 4
 
 Ired. 461, 2
 
 Chit. Pl.
 
 621. If, indeed, the defendant had, in speaking the words, gone on to specify the matters testified by the plaintiff, and the point in which he had sw'orn falsely, then it would have been incumbent on the plaintiff to have set forth-the whole, truly, in the declaration ; and if, upon the whole thus stated and proved, the matter, to which the alleged false oath related, appeared to be immaterial, the action could not be maintained, since no intention to charge a perjury can be inferred from words, that, taken together, legally import, that there was no perjury.
 

 But this defendant charged in general terms, that, in the evidence, which the plaintiff gave, as a witness, in the prosecution against Adams, he “swore to a lie which, connected with the inducement, the colloquium, and the innuendo, imports the charge of perjury, and imposes it on the defendant to shew what the plaintiff did swear, and that it was corruptly false. Hence, the defendant, in his plea of justification, must state the evidence given by the plaintiff, and then negative the parts, in which it Í3
 
 *33
 
 alleged the perjury consisted, just as in an indictment for that offence. 3
 
 Chit. PL
 
 1033, 1037. To this effect the language of Mr. Justice Ashurst in
 
 Coleman
 
 v. Godwin, is very pointed, as quoted by Chancellor Walworth- in
 
 Power
 
 v.
 
 Price,
 
 16 Wen. 450.
 
 “
 
 The effect of the words upon the hearers, is what is to be considered} and the determinations in the old books, are a disgrace to the law. If one charges a witness with having sworn false in relation to a particular fact in a cause, which fact would not necessarily be immaterial and irrelevant, the natural effect of the words is to convey, to those who hear them# the impression, that the witness has committed perjury í and if the defendant wishes to shew that he did not intend to impute the crime of perjury to the plaintiff, but merely that he had perverted the truth in relation to an immaterial fact, the burden of showing that the fact testified to was not material to the issue, and that it was not in-tended to impute to the plaintiff false swearing in the suit in the ordinary sense of the term, rests upon the defendant.” And that doctrine is fully sustained in
 
 Power
 
 v.
 
 Price,
 
 by the Chancellor and the majority of the Court. The plaintiff, therefore, gave all the evidence the law required of him, and it would have been erroneous to non-suit him.
 

 In actions of this kind, evidence of the truth of the words, cannot be received under the general issue.
 
 Smith
 
 v.
 
 Richardson,
 
 Willes Rep. 20, and
 
 Underwood
 
 v.
 
 Parks.
 
 Str. 1200, are the leading cases- on< this subject. They were decided upon consultation- of all the Judges* and-have been considered ever since, as- settling the point.
 
 Roberts
 
 v.
 
 Camden,
 
 9 East. 92. Evidence of bad character may reasonably be heard in mitigation of damages; because less is due to a blemished than an unblemished' name, and one is supposed to be at all times prepared to establish his general character. But unless the defendant pleads the truth of his charge, it would be a surpriseon- the other party to allow him to give evidence of it.
 
 *34
 
 And as to its repelling the implication of malice, which is incident to the publication of a slander, it has no such effect. For, as was well observed by Mr. Justice HolRoyd in
 
 Fairman
 
 v.
 
 Ives,
 
 5 Barn. & Ald. 645, by showing the truth of the slanderous matter, which is the subject of the action, you do not show that it was not maliciously spoken or published, but merely that the party is not entitled to damages, because he is guilty of the charge imputed to him. There is often as much malice, ill will, and design to hurt, towards another, in speaking truly, as falsely, to his disparagement.
 

 The last evidence given by the plaintiff was properly admitted as evidence in reply to that of the defendant, as mentioned by his Honor.
 

 But if it had not been of that character, its reception could not constitute an error, for which the judgment might be reversed. The evidence was in its nature competent ; and the objection to it was solely the period at which it was offered. Now, that concerns only the orderly proceeding in trials; about which there is no positive rule of law, like those touching rights, but only a course of the Courts established for convenience and dispatch of business. To that course, the Courts generally, and very properly, adhere with strictness. But from it, they in their discretion sometimes may, and under circumstances which require it, will depart, for the advancement of justice; and an appellate Court cannot undertake to control or regulate the discretion. It is the more safely find beneficially exercised by those who preside at trials, and can best appreciate, both the inconvenience from, and, in particular cases, the necessity for, admitting an irregularity of proceeding.
 
 Kelly
 
 v.
 
 Goodbread,
 
 N. C. T. R. 28.
 

 Per Curiam, Judgment affirmed.