## UPCHURCH v. ROBERTSON.

### (November 7, 1900.)

1. *Slander—General Issue—Plea—Evidence—Competency —Damages.*

   When defendant pleads general issue, in a suit for slander, evidence in justification or mitigation is incompetent.

2. *Slander—Special Damages—Vindictive Damages—Malice—Exemplary Damages—Punitive Damages—Libel.*

   When the slander amounts to an indictable felony, it is not necessary to prove actual or special damages, and vindictive damages may be awarded if malice be shown.

3. *Instructions—Review—Appeal.*

   When the trial judge states that he adverted fully to the evidence, and it does not appear that he was requested to put his charge in writing, it will be presumed that he complied fully with sec. 413 of The Code.

CIVIL ACTION by James W. Upchurch against George Robertson, heard by Judge *W. A. Hoke* and a jury, at Spring Term, 1900, of WAKE Superior Court. From judgment for plaintiff, the defendant appealed.

*Armistead Jones,* for plaintiff.
*Douglass & Simms,* for defendant.

MONTGOMERY, J.    The plaintiff in his complaint alleged that the defendant, to destroy his credit and standing in the community, falsely and maliciously spoke and published of and concerning the plaintiff certain false and scandalous and malicious words, as follows: "He (meaning the plaintiff) stole a half bushel of my corn (meaning defendant's corn);" and that the plaintiff was damaged in the sum of $5,000 by reason of those false and malicious and defamatory words. Defendant in his answer denied that he had used the language complained of; that is, under the old practice, his plea was that of the general issue.    There were verdict and judgment for $100 in favor of the plaintiff, and the defendant appealed.

His exceptions to the rejection of his evidence by the Court can not be sustained.    It was offered either in justification or in mitigation of damages.    His Honor did not receive it, because the defendant in his answer relied on the general issue, and set up neither justification nor mitigating circumstances.    *Smith v. Smith,* 30 N. C., 29; *Knott v. Burwell,* 96 N. C., 278.    Under sec. 266 of The Code, however, it is provided that in actions of slander the defendant in his answer may plead "both the truth of the matter charged as defamatory, and any mitigating circumstances to reduce the amount of the damages."    But, as we have seen, the defendant did not avail himself in his answer of The Code provision.    In the case of *McDougald v. Coward,* 95 N. C., 368, cited by the defendant's counsel, such evidence as was rejected in this case was received there; but the defendant pleaded justification, and set out the mitigating circumstances under which the words were spoken.

The first and second exceptions to his Honor's charge were correct, and were exactly on the theory upon which the defendant's testimony was rejected; that is, a denial of the com-

plaint alone having been pleaded, the jury ought to have been instructed, as it was by his Honor, that if they were satisfied by the greater weight of the evidence that the defendant uttered the words set out in the complaint, they should answer the first issue "Did the defendant wrongfully utter," etc. ? "Yes." The truth of the words was not in issue. His Honor also properly charged the jury that if words were spoken by the defendant amounting to an indictable felony, as appears in this case, it was not necessary to prove actual or special damages. *Gudger v. Penland,* 108 N. C., 593. His instruction was also correct when he refused to instruct the jury that there was no evidence of actual damage to the plaintiff, and therefore the jury could not award to the plaintiff vindictive damages. He properly instructed them that "the damages were very much in the discretion of the jury. If the first issue was answered, 'Yes,' they could award the plaintiff what in their judgment was a full compensation for injury; and, if satisfied by the greater weight of evidence that the charge was made by defendant from personal malice, with a design and purpose to injure the plaintiff, or if in the judgment of the jury the charge was made in such manner that it showed a reckless and wanton disregard for plaintiff's rights, the jury might increase the amount awarded in compensation by exemplary or punitive damages." The defendant's counsel in the argument here found fault with the failure, as they allege, of his Honor to array the evidence and fully instruct the jury upon matters of law in contention between the parties. But his Honor in the statement of the case on appeal says that the Court adverted fully to the evidence in the case and positions of parties thereon; but only so much of the charge is set out as is deemed necessary to include defendant's exceptions. The whole of the charge is not set out, nor was it requested to be in writing. So far as

we can see, enough of it was sent up to properly point the defendant's exceptions.

No error.