ELIZABETH M. HARRELL v. CARL GOERCH AND "THE STATE."

(Filed 18 March, 1936.)

1. **Libel and Slander D d—Evidence held sufficient to overrule motion to nonsuit in this action for libel.**

   Plaintiff instituted this suit for libel against a magazine and the publisher thereof, and introduced evidence that an article published in the magazine tended to hold her up to ridicule and contempt by charging she kept a number of dogs in her house under conditions which would make her place insanitary and her manner of living indecent.  Defendants did

not plead privilege, justification, or mitigating circumstances, C. S., 542. *Held:* The granting of defendants' motion to nonsuit was error, since plaintiff has showed the article to be libelous, and since, on the state of the pleadings, it is immaterial whether the article was libelous *per se* or only *per quod.*

**2. Limitation of Actions E c—**

Where, in an action for libel, defendants admit that the article was published in defendant magazine on a certain date, and plaintiff shows that the action was instituted one day less than a year thereafter, defendant is not entitled to nonsuit upon his plea of the one-year statute of limitations, C. S., 443 (3).

**3. Trial D a—**

On motion to nonsuit, the evidence is to be taken in its most favorable light for the plaintiff.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Moore, Special Judge,* at October Term, 1935, of HALIFAX.

Civil action for libel.

There was allegation and evidence on the part of the plaintiff tending to show that on 14 October, 1933, the defendant published in "The State," a journal or magazine published by Carl Goerch, a libelous and defamatory article, in that it is therein asserted the plaintiff kept a large number of dogs in the house in which she lived, under such conditions as to make her place insanitary and her manner of living indecent, thus holding her up to the ridicule and contempt of the community; that more than five days before the institution of this action the plaintiff served notice in writing on the defendant as required by C. S., 2429, specifying the article and statements therein which she alleged to be false and defamatory; and that she has suffered damages by reason of said publication. The action was commenced by the issuance of summons on 13 October, 1934.

The defendants admit in their answer that the article complained of "appeared in the issue of the aforesaid magazine on 14 October, 1933." They further allege that the publication was in good faith and without any intent to injure or in any way to ridicule the plaintiff. They also pleaded the one-year statute of limitations.

From a judgment of nonsuit, entered at the close of all the evidence, plaintiff appeals, assigning error.

*Gulley & Gulley for plaintiff.*
*Bunn & Arendell for defendants.*

STACY, C. J. As the article was shown to be libelous, *Brown v. Lumber Co.,* 167 N. C., 9, 82 S. E., 961, and the defendants have not pleaded

privilege, justification, or mitigating circumstances, C. S., 542, it was error to withhold the case from the jury. *Alley v. Long, ante,* 245; *Hartsfield v. Hines,* 200 N. C., 356, 157 S. E., 16; *Gudger v. Penland,* 108 N. C., 593, 13 S. E., 168; *Broadway v. Cope,* 208 N. C., 85; McIntosh, Practice and Procedure, 365; 17 R. C. L., 401.

Nor can the nonsuit be sustained on the theory the action was not brought within the statutory period of one year. C. S., 443 (3). It is admitted in the answer that the publication appeared in the issue of the defendant magazine "on 14 October, 1933." This action was commenced by the issuance of summons on 13 October, 1934. *Morrison v. Lewis,* 197 N. C., 79, 147 S. E., 729; McIntosh, *supra,* 293, *et seq.*

Whether the article should be regarded as libelous *per se* or only *per quod* is not material on the motion to nonsuit, as the evidence was sufficient to carry the case to the jury in either view, considering the state of the pleadings. *Oates v. Trust Co.,* 205 N. C., 14, 169 S. E., 869; *Pentuff v. Park,* 194 N. C., 146, 138 S. E., 616.

On motion to nonsuit, the evidence is to be taken in its most favorable light for the plaintiff. *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356.

Reversed.

DEVIN, J., took no part in the consideration or decision of this case.