JESSE NOAH WILLIAMS AND WIFE, ELLEN WILLIAMS, T/A SOUTHLAND LIVESTOCK, INC. v. JOHN DENNING, C. L. DENNING AND KENNETH WESTBROOK T/A DENNING-WESTBROOK OIL COMPANY, INC.

(Filed 20 November 1963.)

**1. Appeal and Error § 4—**

Where an action is entitled named individuals "t/a" a named corporation, the corporation cannot be the party aggrieved by an order striking

WILLIAMS *v.* DENNING.

the names of the individuals and the letters "t/a" from the captions of the summons and complaint and the references to said individuals from the complaint.

**2. Same—**

An order striking allegations from the complaint is not immediately reviewable except by *certiorari.* Rule 4(a)(2).

**3. Judgments § 13—**

A judgment by default final is not apposite pending the hearing of a motion to strike.

**4. Appeal and Error § 19—**

Where no assignment of error appears in the record, the appeal is subject to dismissal. Rule 19(3).

APPEAL by plaintiff Southland Livestock, Inc., from an order entered June 27, 1963, at Smithfield, North Carolina, by *Braswell, J.,* the superior court judge then presiding over the courts of the Eleventh Judicial District. From JOHNSTON.

The complaint alleges that "the plaintiff corporation" placed an order with "the defendant corporation" for 800 gallons of diesel fuel to be delivered by said defendant and placed in one of the diesel fuel tanks of said plaintiff at its place of business in Smithfield, N. C.; that said defendant negligently delivered and placed in a diesel fuel tank of plaintiff 800 gallons of high test fuel; and that the use of said high test fuel by said plaintiff caused it to suffer damages in particulars alleged.

Defendants in apt time filed a motion to strike. Plaintiffs countered with a motion for judgment by default final. The hearing was on these motions and on demurrer *ore tenus* to the complaint. The court's order allowed the motion to strike, denied the motion for judgment by default final and overruled the demurrer *ore tenus.* It allowed "plaintiff" thirty days to file an amended complaint if it so desired. The "plaintiff," obviously "the plaintiff corporation," filed exceptions to said order and gave notice of appeal.

*E. R. Temple for plaintiff appellant.*
*Shepard, Spence & Mast for defendant appellees.*

PER CURIAM. Appellant is not a "party aggrieved" and had no right of appeal from portions of the order striking the names of the individuals and the letters "t/a" from the captions of the summons and complaint and the references to said individuals from the complaint. Suffice to say, the *matter* so stricken was not germane to the only cause of action the complaint purports to allege, namely, a cause of

action by "the plaintiff corporation" against "the defendant corporation."

As to portions of said order striking allegations relating to the alleged cause of action by "the plaintiff corporation" against "the defendant corporation," appellant did not apply to this Court for a writ of *certiorari* and its purported appeal must be dismissed for failure to comply with our Rule 4(a)(2), Rules of Practice in the Supreme Court, 254 N.C. 783, *785*.

The motion to strike was filed in apt time. Hence, there was no merit in appellant's motion for judgment by default final and no right of appeal from the court's denial thereof.

In addition to the foregoing, no assignments of error appear in the record filed in this Court. Hence, appellant's purported appeal is subject to dismissal for failure to comply with our Rule 19(3), Rules of Practice in the Supreme Court, 254 N.C. 783, *797*.

Appeal dismissed.