RAYMOND CECIL. ADMINISTRATOR OF THE ESTATE OF LARRY STEPHEN CECIL v. HIGH POINT, THOMASVILLE AND DENTON RAILROAD.

(Filed 23 March, 1966.)

**Appeal and Error § 3—**

The allowance of a motion to strike portions of the complaint is not immediately appealable but may be reviewed only by *certiorari*. Rule of Practice in the Supreme Court No. 4(a)(2). Such motion does not admit the truth of the allegation sought to be stricken for the purpose of the hearing on the motion to strike or otherwise. The allowance of a motion to strike is appealable only when it is to strike a cause of action, a plea in bar, or a defense in its entirety, amounting to a demurrer or the granting of a plea in bar.

MOORE, J., not sitting.

APPEAL by plaintiff from *Walker, Special Judge,* August 16, 1965, Session of GUILFORD, High Point Division, docketed and argued as No. 690 at Fall Term 1965.

The allegations of the complaint, exclusive of the prayer for relief, are as follows:

"1. Plaintiff Raymond Cecil is a resident of Davidson County, North Carolina, and is the duly qualified and acting administrator of the Estate of Larry Stephen Cecil.

"2. Defendant, High Point, Thomasville, and Denton Railroad (hereinafter referred to as 'Railroad') is a North Carolina Corporation, with its principal office and place of business in the City of High Point, Guilford County, North Carolina.

"3. On or about the 6th day of March 1965, at approximately 10:20 o'clock P.M., plaintiff's intestate, Larry Stephen Cecil, was operating a 1964 Chevrolet automobile in a northerly direction on Rural Paved Road 1619, as said road approaches its intersection with the tracks owned and maintained by defendant Railroad, at a point approximately four and one-half miles south of the City of High Point, in Randolph County, North Carolina. As deceased neared the grade crossing, he was operating said vehicle in a reasonable and prudent manner, at a safe rate of speed and on his own right side of the road. *There was no adequate sign, electric signal or other warning device to apprise traffic approaching from the south on said highway of the presence of the dangerously obscured grade crossing;* and although plaintiff's intestate applied his brakes at the instant the tracks and train, having been obscured by densely wooded areas and embankment, came into his line of vision, *there was insufficient time within which to bring the car to a stop before the train approaching from his right crashed into it,* said collision resulting in the death of plaintiff's intestate, on March 6, 1965.

"4. The wrongful death of plaintiff's intestate was due to, caused and occasioned by, and followed as the direct and proximate result of the negligent and unlawful acts and omissions of defendant Railroad which said acts and omissions, taken either separately or in their entirety, were the sole and proximate cause of the plaintiff's intestate's death, said acts and omissions being hereinafter more specifically set forth:

> Rural Paved Road 1619 is an open country road, with a posted maximum speed of 55 miles per hour. As said road approaches the aforementioned grade crossing from the south, it is on a downgrade; and it is bordered on both sides by embankments and dense woods. Neither defendant's tracks, nor any train approaching thereon, nor any light on any train is visible to traffic moving north on said road until the driver is approximately 75 feet from the tracks, *and plaintiff alleges that this terrain rendered the crossing extremely dangerous, said conditions constituting a blind crossing. Defendant prior to said occasion had been notified and warned, by various civic groups and individuals, and by a prior similar accident, that there were insufficient warning devices for said crossing. Notwithstanding, defendant negligently failed to erect any cross-arm sign, reflecting sign, electric flashing sign, electric cross-arms, bells or any other warning device commensurate with the ultrahazardous character of said grade crossing.*

"5. Plaintiff's intestate, Larry Stephen Cecil, was born on or about the 8th day of July 1946. At the time of his wrongful death, as hereinabove set forth, he had completed his 18th year, and was a healthy individual with a life expectancy of 51.34 years. By reason of the wrongful, careless and unlawful acts and omissions of the defendant as hereinbefore set forth, plaintiff's intestate was killed, all to the plaintiff's damage in the sum of $200,000.00."

After a hearing on defendant's motion therefor, the court, "in its discretion," entered an order (1) striking from the complaint the portions thereof italicized above, and (2) allowing plaintiff twenty days "in which to amend his complaint so as to conform to this order."

Plaintiff excepted and appealed.

*Schoch, Schoch & Schoch for plaintiff appellant.*
*Lovelace & Hardin for defendant appellee.*

BOBBITT, J. Each paragraph of defendant's motion to strike is directed to a specific portion of the complaint; and the court's

CECIL *v.* R. R.

order, in each of seven paragraphs, strikes a specific portion of the complaint. Plaintiff's purported appeal from the order must be dismissed for failure to comply with our Rule 4(a)(2). Rules of Practice in the Supreme Court, 254 N.C. 785; *Williams v. Denning,* 260 N.C. 540, 133 S.E. 2d 148.

In the decisions on which plaintiff bases his contention that Rule 4(a)(2) does not apply, the motion was to strike a pleading *in its entirety* for failure to state a cause of action or defense, such as a motion to strike in its entirety a further answer and defense, *Jewell v. Price,* 259 N.C. 345, 348, 130 S.E. 2d 668, and cases cited, or a plea in bar, *Housing Authority v. Wooten,* 257 N.C. 358, 363, 126 S.E. 2d 101, or a "Further Amendment to the Prior Amended Complaint and Amendment to Amended Complaint," *Johnson v. Johnson,* 259 N.C. 430, 437, 130 S.E. 2d 876, or a cross action for contribution, *Etheridge v. Light Co.,* 249 N.C. 367, 106 S.E. 2d 560. Such a motion to strike, in substance a demurrer, admits for the purpose of the hearing thereon the truth of the factual allegations of the challenged pleading.

Here, plaintiff did not demur to the complaint or move to strike it in its entirety. As indicated, it moved to strike each of several specific portions. Its motion to strike does not admit the truth of any of plaintiff's allegations for the purpose of the hearing on the motion to strike or otherwise. An immediate appeal would present to this Court for review the court's ruling in respect of each stricken portion of the complaint. Under Rule 4(a)(2), the court's rulings were subject to immediate review only by *certiorari.*

It is noted that plaintiff, if so advised, may seek leave to amend his complaint so as to allege additional facts.

Plaintiff urges that we reconsider on the present record that portion of the opinion in the *Akers* case, *R. R. v. Motor Lines,* 242 N.C. 676, 89 S.E. 2d 392, relating to the significance of G.S. 136-20. A critical discussion thereof appears in 41 N.C.L.R. 296 *et seq.* Suffice to say, we are not disposed to consider whether the ruling in *Akers* relating to G.S. 136-20 should be affirmed, modified or overruled except upon a proper appeal and in the context of a fully developed factual situation.

Appeal dismissed.

MOORE, J., not sitting.