GIRARD TRUST BANK v. F. E. EASTON

No. 688SC242

(Filed 15 January 1969)

1. **Appeal and Error § 6—** orders appealable — motion to strike
   Notwithstanding Rule 4(b) of the Rules of Practice in the Court of Appeals, when a motion to strike an entire further answer or defense is granted, an immediate appeal is available since such motion is in substance a demurrer.

2. **Appeal and Error § 6—** orders appealable — motion to strike
   Where a motion to strike allegations and prayer for relief relating to punitive damages is granted, the order is treated as a demurrer for failure to allege facts sufficient to constitute a cause of action, and an immediate appeal is available.

**3. Appeal and Error § 2— matters reviewable — appeal from order striking entire cause of action**

Where appeal is taken from an order striking an entire cause of action, the appeal brings up the entire case for review.

**4. Pleadings § 42— striking of pleadings — irrelevant allegations**

Allegations concerning conduct of a corporation not a party to the cause of action are held irrelevant and are properly stricken.

**5. Pleadings § 42— striking of pleadings — evidential matters**

Where defendant has denied material allegations of the complaint, narration in his further answer of evidential matters tending to sustain defendant's denial of the controverted facts is irrelevant and should be properly stricken.

**6. Damages § 12; Pleadings § 42— striking of pleadings — punitive damages**

Allegations in defendant's further answer which assert a cause of action for breach of contract, but which are insufficient to state a cause of action in tort, will not support an award of punitive damages, and allegations relating to the recovery of such damages are properly stricken on motion.

**7. Pleadings § 42— striking of pleadings — repetitious allegations**

It is proper to strike repetitious allegations from the pleadings. G.S. 1-135.

**8. Damages § 9— pleading mitigation of damages**

The doctrine of mitigation of damages does not constitute a cause of action and therefore may not be pleaded as such, although it may be pleaded as a further defense but not repetitiously.

APPEAL by defendant from *Fountain, J.,* 29 February 1968 Session of Superior Court of WAYNE County.

This civil action was instituted by the plaintiff for the recovery of balances allegedly due it from the defendant under the terms of two contracts entered into by the parties. On 26 April 1963 the parties entered into a "Dealer Floor Plan Agreement" for the purpose of enabling the defendant to finance the purchase of mobile homes to be resold on the retail market. Prior to this agreement, the parties had entered into a "Financing Agreement" whereby the plaintiff had agreed to purchase from the defendant certain installment sales contracts and conditional sales contracts which the defendant might receive on the sale of mobile homes. It was agreed that should it become necessary to repossess a mobile home described in one of these sales contracts, the defendant would repurchase such mobile home from the plaintiff. It is alleged that the defendant was in violation of the terms of these contracts and that the plaintiff

took possession of certain mobile homes and instituted this action for the recovery of an aggregate sum of $40,741.06, after the defendant refused to make payments as required by the "Dealer Floor Plan Agreement" and refused to repurchase several repossessed mobile homes from the plaintiff. The defendant filed answer denying the material allegations of the complaint, and in addition, filed what purports to be four further answers and included therein counterclaims for actual damages and punitive damages.

On motion of the plaintiff, the trial court struck portions of the first further answer, the entire second further answer, portions of the third further answer, none of the fourth further answer, and portions of the prayer for relief. The defendant excepted to the allowance of this motion to strike and appealed to the Court of Appeals, assigning error.

*Dees, Dees, Smith & Powell by William L. Powell, Jr., for plaintiff appellee.*

*Braswell & Strickland by Roland C. Braswell and David M. Rouse for defendant appellant.*

MALLARD, C.J.

**[1-3]**    Ordinarily, Rule 4(b) of the Rules of Practice in the Court of Appeals of North Carolina precludes an appeal "from an order striking or denying a motion to strike allegations contained in pleadings." However, when a motion to strike an *entire* further answer or defense is granted, an immediate appeal is available since such motion is in substance a demurrer. *Insurance Co. v. Surety Co.*, 1 N.C. App. 9, 159 S.E. 2d 268. Likewise, where a motion to strike allegations and a prayer for relief relating to punitive damages is granted, the order is treated as a demurrer for failure to allege facts sufficient to constitute a cause of action, and an immediate appeal is available. *King v. Insurance Co.*, 273 N.C. 396, 159 S.E. 2d 891. In the case of *Sharpe v. Pugh*, 270 N.C. 598, 155 S.E. 2d 108, Justice Bobbitt said:

> "Even so, since plaintiff was entitled to appeal as a matter of right from the portion of the order which in effect sustained a demurrer to the alleged cause of action for personal injuries, that is, pain and suffering, the entire case is before us; . . ."

The exceptions taken by the defendant are properly before us, *Cecil v. R. R.*, 266 N.C. 728, 147 S.E. 2d 223.

**[4, 5]**    In the first further answer defendant makes allegations

concerning conduct of New Mobile Homes, Inc., which is not a party to this cause of action. These are irrelevant and were properly stricken. In the first, second, and third further answers defendant, using several paragraphs to do so, alleges in substance that the plaintiff and not the defendant breached the contracts. These were properly stricken. The rule is stated in the case of *Chandler v. Mashburn,* 233 N.C. 277, 63 S.E. 2d 553, as follows:

> "The plea of denial controverts and raises an issue of fact between the parties as to each material allegation denied, and forces the plaintiff to prove them. That is all that is required of the defendant to admit of presentation of his defense. McIntosh N. C. P. & P. 461. In such case the defendant may show any facts which go to deny the existence of the controverted facts. *Brown v. Hall,* 226 N.C. 732, 40 S.E. 2d 412. Hence, averments narrating evidence which defendant contends sustains his denial of the controverted facts are irrelevant as pleading, and have no place in the answer.

> And upon motion of any party aggrieved, aptly made, the court may strike out irrelevant or redundant matter inserted in a pleading. G.S. 1-153. *Revis v. Asheville,* 207 N.C. 237, 176 S.E. 738."

**[6]** In the first, second, and third further answers appear allegations which in substance attempt to assert a cause of action for punitive damages. In the prayer for relief there appears a request that the defendant be allowed punitive damages.

These allegations are proper only if defendant is able to allege a cause of action for punitive damages for the plaintiff's alleged breach of contract. In *King v. Insurance Co., supra,* we find the following language:

> "With the exception of a breach of promise to marry, punitive damages are not given for breach of contract. (citations omitted) An apparent exception to this rule is found in cases where such damages have been allowed for a breach of duty to serve the public by a common carrier or other public utility. (citations omitted) In those instances, there is frequently a contractual relationship between the parties, but the award of punitive damages is upon the ground that the carrier or utility has violated a duty imposed upon it by law to serve those who apply. . . .

·     ·     ·

The allegations in the complaint that the breach of contract by the defendant was 'wilful', 'intentional,' in 'wanton disregard of the rights of the plaintiff' and 'calculated * * * to hamper, prevent and impair the plaintiff's legal position' . . . do not give rise to a cause of action sounding in tort and, therefore, do not constitute allegations of fact which if proved, would subject the defendant to liability for punitive damages.

There was, therefore, no basis alleged in the complaint for an award of punitive damages. The striking of the allegations with reference to such award and the prayer therefor did not in any way impair the right of action alleged in the remaining portions of the complaint for the recovery of compensatory damages arising from the alleged breach of contract by the defendant."

We are of the opinion that the combined allegations in these further answers do not give rise to a cause of action sounding in tort and, therefore, do not constitute allegations of fact which, if proved, would subject plaintiff to liability for punitive damages. We hold that the trial judge was correct in ordering stricken all allegations relating to the award of punitive damages found in the first three further answers and the prayer for relief. In addition, the action of the trial judge was correct in striking the other indefinite and speculative allegations therein.

The defendant's second further answer also alleges in substance that the defendant was a third party beneficiary of contracts entered into by the plaintiff and two mobile home manufacturers, that the plaintiff has breached these contracts, and the defendant has been damaged. In this second further answer there is the second attempt to allege that the plaintiff has permitted the deterioration of the mobile homes that the plaintiff had taken from the sales lot of the defendant and that the defendant's credit position has been damaged by the acts of the plaintiff. These are in addition to the allegations that the acts of the plaintiff were wilful, intentional, malicious, and done with the intent of injuring the defendant and that the plaintiff has breached the contracts between the parties. It should be noted that the defendant's allegations as to mitigation of damages in the first further answer were not stricken.

[7]    The defendant's answer must contain "a statement of any new matter constituting a defense or counterclaim, in *ordinary and concise language, without repetition.*" G.S. 1-135. (emphasis added) In the present case the defendant has failed to heed the words of the statute. Those portions of the second further answer which relate to allegations of a failure to minimize damages and breach of

contract are merely repetitions of allegations found elsewhere in the pleadings that were not stricken by Judge Fountain. Clearly, it was proper to strike these repetitious allegations from the defendant's pleading, G.S. 1-135, and those portions relating to punitive damages. *King v. Insurance Co., supra.*

[8] In his brief the defendant asserts that the allegations relative to the third party contract are proper because "they assert the defense that the plaintiff's claimed damages should be reduced because it failed to take reasonable steps to minimize its damages under the contract." With this contention of the defendant, as to minimizing damages, we agree. However, the doctrine of mitigation of damages does not constitute a cause of action and, therefore, may not be pleaded as such. *Scott v. Foppe,* 247 N.C. 67, 100 S.E. 2d 238. It may be pleaded as a further defense but not repetitiously. G.S. 1-135.

> "Ordinarily, the equitable doctrine of mitigation of damages is a defense to an action in which the plaintiff seeks to recover for damages allegedly caused by a breach of duty on the part of defendant and does not constitute a cause of action. . . . 'Mitigation of damages is what the expression imports, a reduction of their amount; not by proof of facts which are a bar to a part of the plaintiff's cause of action, or a justification, *nor of facts which constitute a cause of action in favor of the defendant;* but rather of facts which show that the plaintiff's conceded cause of action does not entitle him to so large an amount as the showing on his side would otherwise justify the jury in allowing him." *Scott v. Foppe, supra.*

The fourth further answer is in fact a motion by the defendant to require the plaintiff to furnish him with certain records. No part of this fourth further answer was stricken.

We note that Judge Fountain's order provided "that defendant shall have thirty days within which to file an amended Answer or otherwise plead." Defendant may now so amend or otherwise plead if he should desire.

The order allowing the motion to strike is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.