OF

# NORTH CAROLINA

AT

# RALEIGH

## FALL SESSION 1969

RUBY MAE LITTLEJOHN v. PIEDMONT PUBLISHING COMPANY

No. 6921SC551

(Filed 17 December 1969)

**1. Libel and Slander § 18— punitive damages — actual malice**

Punitive damages for libel may not be awarded on a showing of implied malice alone, but it must be shown that the publication in question was prompted by actual malice or that the defamation was recklessly or carelessly published.

**2. Libel and Slander § 15— evidence to rebut malice — general denial**

In an action for libel, defendant may, under a general denial of malice and absent any affirmative pleading, offer evidence to rebut a showing by plaintiff that the publication was made maliciously.

**3. Libel and Slander § 15— evidence to rebut malice — general denial — compensatory damages**

While evidence for the purpose of rebutting a showing of malice in an action for libel or slander may be admitted under a general denial, defendant must plead mitigating circumstances and affirmative defenses in order to offer evidence thereof to reduce the amount of compensatory damages.

**4. Libel and Slander § 15— evidence to rebut malice — pleadings — consideration on issue of damages**

Without proper allegations of an affirmative defense or mitigating circumstances, a defendant in a libel action may offer evidence tending to show good faith only for the purpose of negating malice and only when malice has been pleaded or proved by the plaintiff, and such evidence, without proper affirmative allegation, may not be considered on the issue of compensatory damages.

**5. Libel and Slander § 14— pleadings — good faith publication**

In this action for libel based upon an article printed by defendant newspaper stating that plaintiff's ex-husband had divorced her for adultery, when in fact plaintiff had obtained a divorce from her ex-husband on the ground of two years separation, the trial court erred in striking from defendant's further answer allegations of facts tending to show that the reporter and photographer responsible for the article were led, through conversations with plaintiff's ex-husband, reasonably to conclude that he had divorced plaintiff on the ground of adultery, defendant being entitled to plead such facts for the purpose of mitigating compensatory damages as well as for rebutting any showing of malice.

**6. Pleadings § 41— general motion to strike**

Where motion to strike paragraphs of defendant's further answer is not directed to any specific allegation claimed to be redundant, irrelevant or evidentiary, the paragraphs should not be stricken in their entirety if they contain any proper allegations.

**7. Libel and Slander § 14— evidentiary pleadings — motion to strike — good faith publication**

In this action for libel, the trial court erred in striking from defendant's further answer allegations of the circumstances surrounding the publication of the article and facts tending to show lack of bad faith in publishing the article, notwithstanding such allegations are somewhat evidentiary, since the nature of such mitigating facts requires that they be placed in greater detail than other types of defenses.

**8. Libel and Slander § 14— motion to strike — inference from published article — damages**

In this action for libel based upon a newspaper article stating that plaintiff's ex-husband divorced his wife for adultery, the trial court did not err in striking from defendant's further answer allegations that the article in question did not contain the new married name of plaintiff and that any damage plaintiff has suffered resulted from the institution of this suit and not from publication of the article, it being unnecessary to call attention in the answer to what the article, which was pleaded by plaintiff in its entirety, does or does not contain and to argue inferences to be drawn therefrom.

ON certiorari to review an order of *Seay, J.,* at the 9 June 1969 Session of FORSYTH County Superior Court.

Plaintiff filed this civil action on 19 February 1969. Her complaint alleges in substance that the corporate defendant publishes the *Winston-Salem Journal,* a newspaper of general circulation; that on or about 27 January 1969 defendant caused to be published in said paper an article entitled "The Other Side of Divorce"; that a picture of plaintiff's ex-husband, William R. Fulk, accompanied the article and a statement appeared therein that "[a]fter 14 years of marriage and two years of separation, Fulk divorced his wife for

adultery"; that plaintiff is the person referred to in the article as having been divorced on grounds of adultery; that statements in the article were untrue, libelous, defamatory, and were made without just cause and provocation and with malice toward plaintiff. Plaintiff also alleges that a retraction published by defendant at the plaintiff's request was not full, fair or adequate. She prays for recovery of compensatory and punitive damages in substantial sums.

Defendant answered on 20 March 1969 admitting that it published the alleged article and that the plaintiff was not divorced by William R. Fulk on grounds of adultery but had obtained a divorce from him on the grounds of two years separation. Other allegations bearing on the question of the alleged libel were denied. In addition, the defendant's answer contained a further answer and defense consisting of four paragraphs. Plaintiff moved to strike all of the further answer and defense except for an admission in paragraph 3 that plaintiff was not divorced for adultery but obtained a divorce on grounds of a two years separation, and the first sentence of paragraph 4 relating to the retraction.

Plaintiff's motion to strike was allowed in its entirety by order of Judge Thomas W. Seay, dated 11 June 1969. Defendant's petition to this court for certiorari to review Judge Seay's order was granted on 16 July 1969.

*Wilson & Morrow by John F. Morrow for plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice by W. P. Sandridge and Charles F. Vance, Jr., for defendant appellant.*

GRAHAM, J.

[5]   The first three paragraphs of defendant's further answer and defense allege in somewhat narrative form the circumstances surrounding the publication of the article in question and also facts tending to show that the reporter and photographer who were responsible for the article were led, through conversations with William R. Fulk, to reasonably conclude that Fulk had divorced his wife on grounds of adultery.

[1, 2]   Defendant contends that unless it pleads facts showing a lack of bad faith in publishing the article, it will be precluded from offering any evidence to rebut plaintiff's allegations of malice and to protect itself from an award of punitive damages. Such is not the case. In this jurisdiction punitive damages may not be awarded on a showing of implied malice alone. To support such an award it must

be shown by the plaintiff that the publication in question was prompted by actual malice, or that the defamation was recklessly or carelessly published. *Hartsfield v. Hines,* 200 N.C. 356, 157 S.E. 16; *Bouligny, Inc., v. Steelworkers,* 270 N.C. 160, 154 S.E. 2d 344; *Roth v. News Co.,* 217 N.C. 13, 6 S.E. 2d 882 (and cases therein cited). It follows that the defendant may under a general denial of malice, and absent any affirmative pleading on its part, offer evidence to rebut a showing by the plaintiff that the publication was made maliciously. "It may be difficult to determine what facts may be shown under a general denial, but since the plaintiff is required to prove all the material facts of his case which are controverted, the defendant may show any facts which go to deny the existence of the cause of action, . . ." 1 McIntosh, N.C. Practice & Procedure 2d, § 1236, p. 669.

[3]   While evidence for the purpose of rebutting a showing of malice may be admitted under a general denial, the law in this jurisdiction is that in an action for libel or slander a defendant must plead mitigating circumstances and affirmative defenses in order to offer evidence thereof to reduce the amount of compensatory damages. *Harrell v. Goerch,* 209 N.C. 741, 184 S.E. 489; *Upchurch v. Robertson,* 127 N.C. 127, 37 S.E. 157; *Knott v. Burwell,* 96 N.C. 272, 2 S.E. 588; *Smith v. Smith,* 30 N.C. 29. The right to do so is expressly given by G.S. 1-158 which states in part as follows:

> "The defendant may in his answer allege both the truth of the matter charged as defamatory, and any mitigating circumstances to reduce the amount of damages; and whether he proves the justification or not, he may give in evidence the mitigating circumstances."

[4]   The result is that without proper allegations of an affirmative defense or mitigating circumstances, a defendant may offer evidence tending to show good faith, but only for the purpose of negating malice, and not at all when malice has not been pleaded or proved by the plaintiff. Such evidence, without proper affirmative allegation, may not be considered on the issue of compensatory damages.

[5]   It is obvious that the facts pleaded in the first three paragraphs of defendant's further answer, if proved, would tend to mitigate general damages as well as rebut any showing of malice. Defendant is entitled to plead such facts for this purpose. In fact it is necessary that it do so in order to present evidence in mitigation. We therefore conclude that the allegations stricken from the first three paragraphs were proper and should not have been stricken.

**[6, 7]**  Plaintiff contends, however, that her motion was properly allowed in that the pleadings stricken were irrelevant, redundant and evidentiary. It is true that such matter may be stricken from a pleading on motion of the person aggrieved thereby. G.S. 1-153; *Revis v. Asheville,* 207 N.C. 237, 176 S.E. 738; *Bank v. Easton,* 3 N.C. App. 414, 165 S.E. 2d 252. Here, plaintiff did not direct her motion to any specific allegation claimed by her to be irrelevant, redundant or evidentiary. Therefore, if the paragraphs involved contained any proper allegations they should not have been stricken in their entirety. *Johnson v. Petree,* 4 N.C. App. 20, 165 S.E. 2d 757. The allegations are certainly relevant and are in no sense redundant. While they may appear somewhat evidentiary, we fail to see how the circumstances surrounding the publication of the article could otherwise be pleaded. The nature of such mitigating facts requires that they be pleaded in greater detail than is often necessary with respect to other types of affirmative defenses.

**[8]**  Allegations ordered stricken from paragraph 4 of the further answer allege that the article in question did not contain the new married name of plaintiff and any damage the plaintiff has suffered, largely, if not entirely, resulted from the institution of this suit and not from the publication of the article. The article has been pleaded in its entirety by the plaintiff and will be before the jury. It is unnecessary to call attention in the answer to what the article does or does not contain and to argue inferences to be drawn therefrom. Such arguments will undoubtedly be available to the defendant at the proper time and no prejudice will result from having this matter stricken from the answer.

That portion of the court's order striking allegations from paragraphs 1, 2 and 3 of defendant's further answer is reversed. That portion striking portions of paragraph 4 is affirmed.

Reversed in part and affirmed in part.

CAMPBELL and PARKER, JJ., concur.