PRISCILLA SMITH v. ALBERT N. SMITH, JR.

No. 7219DC320

(Filed 28 June 1972)

1. Divorce and Alimony § 16— alimony — dependent spouse — ability to make payments

The trial court erred in awarding permanent alimony to the wife without making sufficient findings as to the dependency of the wife and the ability of the husband to make the alimony payments imposed.

**2. Divorce and Alimony § 22— custody and support order — modification**

　　Where, in the wife's action for alimony without divorce and child custody and support, an order had been entered awarding the wife alimony *pendente lite* and child custody and support, only the question of permanent alimony was before the court when the action for alimony without divorce came on for trial, and the trial court could not modify the previous child custody and support order absent a motion for modification and a showing of changed circumstances.

**3. Divorce and Alimony § 16— counsel fees — dependent spouse — insufficiency of findings**

　　The trial court erred in ordering the husband to pay counsel fees of the wife absent sufficient findings that the wife is the dependent spouse and the husband is the supporting spouse.

APPEAL by defendant from *Hammond, District Judge,* 14 October 1971 Session of RANDOLPH District Court.

In this civil action, instituted on 4 December 1970, plaintiff seeks (1) alimony without divorce and (2) custody of and support for the four children of the parties.

Pursuant to notice a hearing was held before District Judge Warren on plaintiff's motion for alimony *pendente lite* and custody of and support for the children. Following the hearing Judge Warren entered an order providing for: (1) plaintiff to have custody of the children with specified visitation privileges in defendant; (2) defendant to pay $200 per month for the support of the children; (3) plaintiff to have possession of the home and furnishings previously occupied and used by the parties and defendant to make mortgage payments thereon; (4) defendant to pay taxes and insurance premiums on the home and provide adequate hospitalization insurance for plaintiff and the children; (5) plaintiff to have possession of a 1969 Ford station wagon and defendant to make monthly payments and pay insurance premiums thereon; (6) defendant pay plaintiff $150 per month alimony *pendente lite;* and (7) defendant pay plaintiff's attorneys $750.

On 27 May 1971, pursuant to notice and a hearing, District Judge Sapp entered an order reducing the total monthly payments by $100 for a period of four months.

The cause came on for trial before District Judge Hammond, sitting without a jury. Following the trial at which evidence was introduced by plaintiff and defendant, the court entered judgment (1) making substantially the same provisions

for custody of and support for the children as made by Judge Warren, (2) requiring defendant to pay plaintiff permanent alimony in the amount of $150 per month and (3) requiring defendant to pay plaintiff's attorneys $300. Defendant appealed from the judgment.

*Bell, Ogburn & Redding by J. Howard Redding for plaintiff appellee.*

*Emanuel and Thompson by W. Hugh Thompson for defendant appellant.*

BRITT, Judge.

Defendant contends that the trial court did not make sufficient findings of fact to support his conclusions of law and judgment awarding plaintiff permanent alimony. The contention has merit.

G.S. 1A-1, Rule 52(a)(1) provides: "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment."

[1] Among other things the trial court made insufficient findings as to plaintiff being a dependent spouse and the ability of defendant to make the alimony payments imposed. In previous decisions this court has fully discussed the sufficiency of findings of fact and further discussion or repetition here would serve no useful purpose. See *Austin v. Austin,* 12 N.C. App. 286, 183 S.E. 2d 420 (1971); *Peoples v. Peoples,* 10 N.C. App. 402, 179 S.E. 2d 138 (1971); and *Hatcher v. Hatcher,* 7 N.C. App. 562, 173 S.E. 2d 33 (1970).

[2] Defendant contends that the trial court erred in modifying the previous order as to custody of and support for the children in the absence of a motion for modification and absent any showing of changed circumstances. Although the slight modification made in the previous order was hardly prejudicial to defendant, we agree that the contention has merit.

In this cause plaintiff joined her action for custody and support of the minor children with her action for alimony without divorce as provided by G.S. 50-13.5. One of the effects of Judge Warren's order dated 14 December 1970 was to ad-

judicate plaintiff's action for custody and support of the children, subject to orders thereafter made pursuant to motion and showing of change of circumstances. When plaintiff's action for alimony without divorce came on for trial before Judge Hammond, the question of permanent alimony was the only question before him and any modification of Judge Warren's order pertaining to child custody and support was error.

**[3]** Defendant contends that the trial court erred in ordering defendant to pay $300 fees to plaintiff's attorneys. This contention also has merit in view of the fact that the court did not make sufficient findings as to plaintiff being a dependent spouse and defendant being the supporting spouse. G.S. 50-16.4.

For the reasons stated the judgment appealed from is vacated and this cause is remanded for a new trial.

New trial.

Judges PARKER and HEDRICK concur.