RONALD TAYLOR, EXECUTOR OF THE WILL OF H. E. GILLESPIE (DECEASED) v. H. L. GILLESPIE

No. 8317SC209

(Filed 7 February 1984)

1. **Rules of Civil Procedure § 15.2— amendment of pleadings to conform to evidence**

   In plaintiff executor's action to recover a car from defendant, the trial court did not err in permitting plaintiff to amend his complaint at the end of the trial to allege that title to the car was held by defendant on a resulting trust for plaintiff's testator where defendant did not object to evidence tending to establish the resulting trust and where defendant failed to show that he was denied a fair opportunity to assert his defense to plaintiff's claim, since the pleadings were deemed to have been amended by implied consent even if no formal amendment had been made. G.S. 1A-1, Rule 15(b).

2. **Trusts § 13.3— resulting trust in automobile—sufficiency of evidence**

   The evidence was sufficient to create a presumption that title to an automobile was held by defendant on a resulting trust for plaintiff's testator where

it showed that testator provided the money which paid for the automobile and that he did so before legal title to the automobile passed to defendant.

APPEAL by defendant from *Hairston, Judge.* Judgment entered 1 October 1982 in SURRY County Superior Court. Heard in the Court of Appeals 20 January 1984.

Plaintiff, executor of the estate of H. E. Gillespie, filed claim to a 1979 Lincoln car held by defendant H. L. Gillespie, brother of the deceased testator. Plaintiff's request for a writ of delivery pursuant to N.C. Gen. Stat. § 1-472 (1983) was denied on 21 January 1982, following a hearing before the clerk of the Surry County Superior Court. Plaintiff appealed to the Surry County Superior Court and a jury trial was held on 28 September 1982.

Plaintiff's evidence tended to show the following events. Testator and his son, Michael Gillespie, traveled to Bristol, Virginia on 14 September 1978, where testator ordered the Lincoln from Bristol Lincoln Mercury Sales, Inc. Testator thereafter paid for the car with his own money, kept the bill of sale and drove the car regularly. Defendant was not present when testator ordered the car, nor did he give testator money on 14 September 1978. Testator later paid for various improvements to the car, including a burglar alarm system, new tires, and routine maintenance work. In August 1981, after testator's death, when plaintiff asked defendant to deliver the car to him for the benefit of the estate, defendant replied that he was interested in purchasing the car.

Evidence for the defendant tended to show the following facts and events. The car title and bill of sale were in the name of Gillespie's Used Cars, an automobile dealership in Mount Airy owned by defendant. The car was always operated using dealer tags issued to Gillespie's Used Cars, and defendant had access to the car and paid for some maintenance work. Defendant denied offering to purchase the car from plaintiff in August 1981.

At the close of all the evidence, plaintiff and defendant made motions for entry of directed verdicts, which were denied. The trial judge concluded that defendant held legal title to the car but permitted plaintiff to amend his complaint to allege that the car was held on resulting trust for the benefit of testator.

The case was then submitted to the jury which found that the car was held by defendant on resulting trust for testator. From entry of judgment upon the verdict, defendant appealed.

*Folger and Folger, by Fred Folger, Jr. and H. Lee Merritt, Jr., for plaintiff.*

*Franklin Smith for defendant.*

WELLS, Judge.

In his first assignment of error, defendant contends that the trial judge erred in failing to allow his motion for a directed verdict at the close of plaintiff's evidence and at the close of all the evidence. A defendant waives his right to appeal the denial of a motion for a directed verdict at the close of plaintiff's evidence by offering evidence of his own thereafter. *Gibbs v. Duke*, 32 N.C. App. 439, 232 S.E. 2d 484, *disc. rev. denied*, 292 N.C. 640, 235 S.E. 2d 61 (1977). Although defendant also assigns as error that the trial judge failed to grant a directed verdict in his favor at the close of all the evidence, defendant does not support this assignment of error by arguments in the body of his brief. Instead, he states only that the trial judge was correct in determining that legal title to the Lincoln was in defendant's name. Assignments of error not supported by legal argument are deemed abandoned, Rule 28(a) of the Rules of Appellate Procedure. Defendant's first assignment of error is overruled.

[1] In his second assignment of error, defendant contends that the trial judge erred by permitting plaintiff to amend his complaint to allege a resulting trust. Defendant argues that he was unfairly surprised by the change in theory of the case at the end of the trial, since the trust theory was not raised in the parties' pleadings. N.C. Gen. Stat. § 1A-1, Rule 15(b) of the Rules of Civil Procedure, provides:

. . .

When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. . . . If evidence is objected to at the trial on the ground that it is not within the issues raised by the plead-

ings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him . . .

A formal amendment to the pleadings "is needed only when evidence is objected to at trial as not within the scope of the pleadings." *Securities & Exchange Commission v. Rapp,* 304 F. 2d 786 (2d Cir. 1962), *cited with approval in Roberts v. Memorial Park,* 281 N.C. 48, 187 S.E. 2d 721 (1972). In the case at bar, defendant did not object to the introduction of *evidence* tending to establish the existence of a resulting trust. Because no objection was made to the introduction of the evidence, the pleadings were amended by implication. Formal permission of the court was not required, although the better practice is that the party benefited should move to amend the pleadings to reflect the theory of recovery. *Roberts v. Memorial Park, supra.* By failing to make timely objection to the introduction of the evidence at variance with the pleadings, defendant has waived his right to assert this ground on appeal.

In addition to the question of amendment to the complaint, defendant raises the question of when a party to a lawsuit may seek to alter his legal theory of recovery. Defendant cites *Goldston Bros. Inc. v. Newkirk,* 234 N.C. 279, 67 S.E. 2d 69 (1951) for the proposition that while a lower court may permit amendments to the pleadings within its sound discretion ". . . the cause of action as previously charted may not be substantially changed." Cases decided after *Goldston* and the adoption of the current rules of civil procedure permit a more liberal use of amendments to a party's theory of recovery. N.C. Gen. Stat. § 1A-1, Rule 15(b) of the Rules of Civil Procedure allows *issues* to be raised by liberal amendments to pleadings, and, in some cases, by the evidence, the effect of the rule being to allow amendment by implied consent to change the legal theory of the cause of action so long as the opposing party has not been prejudiced in presenting his case, i.e., where he had a fair opportunity to defend his case. *Roberts v. Memorial Park, supra.* While defendant may not have anticipated plaintiff's use of the trust theory, defendant has failed to show that he was denied a fair opportunity to assert his defense to plaintiff's claim.

---

---

[2] It is clear, however, that an amendment to the theory of a case is improper unless there is some evidence supporting the new theory. In the case before us, there was ample evidence that testator provided the money that paid for the Lincoln, and that he did so before legal title to the Lincoln passed to defendant. On these facts, a sufficient presumption of resulting trust arises. A resulting trust is one which arises by operation of law, based upon some action or conduct, rather than a direct expression of intent by the parties. *Bowen v. Darden*, 241 N.C. 11, 84 S.E. 2d 289 (1954). A resulting trust may arise ". . . in the absence of circumstances indicating a contrary intent, where the purchase price is paid with the money of one person and the title is taken in the name of another, for whom he is under no duty to provide . . ." *Strange v. Sink*, 27 N.C. App. 113, 218 S.E. 2d 196 (1975), and where it is also shown that the payor gave the consideration before legal title in the subject of the trust passed to the other party. *Byerly v. Byerly*, 38 N.C. App. 551, 248 S.E. 2d 433 (1978). Defendant's second assignment of error is overruled.

For the reasons stated, we find

No error.

Judges BRASWELL and PHILLIPS concur.