NOLEN CONCRETE SUPPLY, INC. v. J. D. BUCHANAN AND JOSEPH BOHANAN

No. 8527SC106

(Filed 17 December 1985)

**Trial § 41— issue submitted refused—no error**
    There was no prejudicial error in an action for the value of concrete furnished to defendant builders in not submitting an issue as to whether plaintiff and defendant Bohanan entered into a contract with respect to purchases by defendant Buchanan where the court submitted an issue as to whether Buchanan had actual or apparent authority from Bohanan to make the purchases involved. The form and number of the issues is within the sound discretion of the trial judge; although the contract issue could have been properly submitted, the pleadings and evidence also raise the issue submitted and the record indicates that the trial on that issue was not unfair to defendant.

APPEAL by defendant Bohanan from *Gaines, Judge.* Judgment entered 19 September 1984 in Superior Court, GASTON County. Heard in the Court of Appeals 17 September 1985.

Plaintiff sued defendants, who are individual builders, for $16,301.16 worth of concrete furnished to defendant Buchanan. Defendant Buchanan filed no answer and a default judgment was entered against him. Defendant Bohanan answered denying liability, and after a jury trial plaintiff obtained verdict and judgment against him in the amount sued for. Plaintiff's complaint alleged and its evidence tended to show that defendant Bohanan authorized Buchanan to purchase concrete from plaintiff on his credit; that Buchanan ordered and received various quantities of concrete from plaintiff, and that $16,301.16 was due plaintiff therefor. Defendant Bohanan participated in the trial but presented no evidence.

*Garland & Alala, by T. J. Solomon, II and Julia M. Shovelin, for plaintiff appellee.*

*Stott, Hollowell, Palmer & Windham, by Grady B. Stott and Douglas P. Arthurs, for defendant appellant.*

PHILLIPS, Judge.

Before the case went to the jury defendant requested that an issue be submitted as to whether plaintiff and defendant entered into a contract with respect to the purchases by Buchanan; this request was denied and the issue submitted by the court was whether Buchanan had actual or apparent authority from Bohanan to make the purchases involved. This action by the court is the basis for assignments of error contending that the court erred not only in refusing his issue and in submitting the agency issue, but in charging the jury thereon and in denying his motions for a directed verdict, for judgment notwithstanding the verdict, and for a new trial. All these assignments are based on the premise that the issue raised by the pleadings and evidence was whether plaintiff and defendant Bohanan entered into a contract covering the purchases made by defendant Buchanan, rather than the agency issue that the court submitted. While the contract issue defendant proposed could have been properly submitted to the jury the court's failure to submit it was not prejudicial error, in our opinion, because the pleadings and evidence also raised the issue submitted and the record indicates that the trial had on that issue was not unfair to defendant. Therefore, all of these assignments fail, in our opinion, and we overrule them.

The form and number of the issues is within the sound discretion of the trial judge; and when the issues submitted cover the factual matters disputed under the pleadings and enable the parties to fairly present their contentions in regard to them it is not error to refuse to submit other issues. *Miller v. McConnell*, 226 N.C. 28, 36 S.E. 2d 722 (1946). The agency issue that the court preferred and submitted meets these requirements. The tenor of plaintiff's complaint is that defendant Bohanan authorized plaintiff to accept Buchanan's orders and held him out as being his authorized agent and its evidence was also to that effect. While plaintiff could have justifiably cast his action in contract and sued for breach, the law did not require him to do so. The doctrine of apparent as well as actual authority to act for another is a recognized legal vehicle for imposing liability. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974); 2A C.J.S. *Agency* Sec. 161 (1972). The agency issue which the court submitted enabled defendant to fully develop and present his contentions that no authority had been given to Buchanan to buy concrete on his account and that no agency existed. The court's instructions on the issue correctly stated the law and required the jury to consider defendant's contentions; and nothing in the record indicates that the instructions were disregarded or that the trial would have ended differently if it had been tried on the issue defendant requested.

The defendant's other assignments of error, which require no discussion, are also without merit and we overrule them.

No error.

Judges WELLS and WHICHARD concur.