PENELOPE SLADE ROYALL v. LOGAN EVERETT SAWYER, JR.

No. COA94-1042

(Filed 21 November 1995)

**Divorce and Separation § 453 (NCI4th)— only custody before court—no authority to order defendant to pay boarding school costs**

Where the only issue before the trial court was custody of the parties' son, the trial court was without authority to issue an order modifying an earlier consent order setting child support so as to require defendant to pay the cost of private boarding school.

**Am Jur 2d, Divorce and Separation § 971.**

**Divorce: voluntary contributions to child's education expenses as factor justifying modification of spousal support award. 63 ALR4th 436.**

Appeal by defendant from orders signed 7 January 1994 and 6 April 1994 in Orange County District Court by Judge Patricia S. Love. Heard in the Court of Appeals 16 October 1995.

*Lewis & Anderson, P.C., by Susan H. Lewis and Christina L. Goshaw, for plaintiff-appellee.*

*Margaret Dube' Rundell for defendant-appellant.*

**ROYALL v. SAWYER**

[120 N.C. App. 880 (1995)]

GREENE, Judge.

Defendant appeals from an order entered 7 January 1994, ordering defendant to pay the fees and tuition for his son to attend a boarding school in the Fall of 1994, and an order entered 6 April 1994, denying defendant's motions made pursuant to North Carolina Rules of Civil Procedure, Rules 59 and 60, to strike the language in the order entered 7 January 1994 that defendant will be required to pay for his son to attend a boarding school.

Plaintiff and defendant entered into a Consent Order stating in part that defendant was to pay $500 a month to plaintiff for support of their child. On 30 July 1993, the parties agreed to a Consent Order Regarding Temporary Custody. It was stayed upon motion by plaintiff "pending resolution of the marital situation between Defendant and his current wife . . . and a determination of the best interests of the child in light of such resolution." Defendant gave notice of hearing for his request for child custody and relief from the stay of the Temporary Consent Order.

At the hearing held 12 October 1993 the evidence showed that defendant wanted his child to attend Phillips Andover Academy, a preparatory school. At the hearing, the trial court asked defense counsel if defendant would have any objections to paying for his son to attend Phillips Andover Academy even if the child was not allowed to reside with defendant. Counsel responded, "There will be problems with trying to get him in if [defendant] doesn't have some kind of custodial power to make the application." On direct examination, defendant stated that if his son did not move to his home and instead attended Episcopal High School, another boarding school, defendant "would be happy to pay for . . . it."

The trial court found that it would not be in the best interests of the child to live with defendant "at this time" but it would be in the child's best interests to "attend Phillips Andover Academy or another boarding school . . . and the Defendant, his father, is willing to send him there." The court then ordered that the child "shall attend Phillips Andover Academy or another boarding school . . . with his father, the Defendant, paying fees and tuition."

On 18 January 1994 defendant moved the trial court to strike the above finding and order pursuant to Rules 59 and 60 of the Rules of Civil Procedure. The motion was denied on 6 April 1994 and defendant appeals.

ROYALL v. SAWYER

[120 N.C. App. 880 (1995)]

The issue is whether the trial court erred in ordering defendant to pay the fees and tuition for his son to attend Phillips Andover Academy or another boarding school.

Pursuant to N.C. Gen. Stat. § 50-13.7(a) an order of support may only be modified "upon motion in the cause and a showing of changed circumstances by either party . . . ." N.C.G.S. § 50-13.7(a) (1987). A court is without authority to *sua sponte* modify an existing support order. *See Kennedy v. Kennedy,* 107 N.C. App. 695, 703, 421 S.E.2d 795, 799 (1992) (trial court may modify custody only upon a motion by either party or anyone interested); *Smith v. Smith,* 15 N.C. App. 180, 182-83, 189 S.E.2d 525, 526 (1972) (it was error for court to modify custody or support when only question before court was alimony).

The only issue before the trial court was the custody of plaintiff's and defendant's son. There was no motion before the trial court to modify the child support. Accordingly, the trial court was without authority to issue an order modifying an earlier Consent Order setting child support. The order, to the extent that it requires the defendant to pay the cost of the private schooling, is vacated.

Vacated in part.

Chief Judge ARNOLD and Judge SMITH concur.