VIRGINIA M. BOGAN, Plaintiff v. WILLIAM H. BOGAN, Defendant

No. COA98-943

(Filed 6 July 1999)

**1. Child Support, Custody, and Visitation— support—modification sua sponte—reduced payment to purge contempt—authority**

The trial court properly entered judgment for a child support arrearage where plaintiff and defendant had entered a consent order on 15 June 1990 which included child support; the court held defendant in contempt on 19 September 1990 for failure to comply with the child support obligation; the court found on 17 October 1990 that defendant was unable to make the payments and ordered defendant to make a partial payment; and plaintiff subsequently filed a motion for a judgment on the arrearage. Although defendant contended that the court's October order constituted a modification of his obligation and that he owed no arrearage, the issue before the court related to defendant's contempt and the record does not indicate that the court intended to modify defendant's obligation. The court was well within its authority to allow defendant to purge himself of contempt upon payment of an amount less than he owed, but

BOGAN v. BOGAN

[134 N.C. App. 176 (1999)]

would have been without authority to sua sponte modify an existing order. Moreover, any modification would have applied only prospectively.

## 2. Child Support, Custody, and Visitation— support—arrearage—failure to pay—willful or without lawful excuse—no finding

The trial court properly entered a judgment for a child support arrearage without evidence that defendant's failure to pay was willful or without lawful excuse. There is no such requirement.

Appeal by defendant from order filed 8 June 1998 and from order filed 12 June 1998 by Judge William L. Daisy in Guilford County District Court. Heard in the Court of Appeals 20 April 1999.

*Morgenstern & Bonuomo, P.L.L.C., by Barbara R. Morgenstern, for plaintiff-appellee.*

*Craige, Brawley, Liipfert & Walker, L.L.P., by William W. Walker, for defendant-appellant.*

GREENE, Judge.

William H. Bogan (Defendant) appeals from the trial court's orders directing Defendant to repay his child support arrears in the amount of $31,202.00 to Virginia M. Bogan (Plaintiff).

Plaintiff and Defendant were married on 29 August 1970 and separated on 28 December 1989. Two children were born of the marriage, one on 27 April 1973 and the other on 11 February 1979. On 18 April 1990, Plaintiff filed a complaint against Defendant seeking, *inter alia,* a divorce from bed and board, permanent alimony, joint legal custody of the children, and child support.

On 15 June 1990, Plaintiff and Defendant entered into a consent order where both parties agreed and the trial court ordered, *inter alia,* that: (1) both parties shall share joint legal custody of both children; (2) Defendant shall pay Plaintiff the sum of $575.00 per month in child support; and (3) Defendant shall reimburse Plaintiff for child related expenses incurred since the date of separation in the amount of $4,025.00.

On 10 September 1990, Plaintiff filed a motion requesting Defendant be held in contempt of court for failure to comply with the

child support obligations of the 15 June order. After a hearing on that motion, on 19 September 1990, the trial court held Defendant in civil and criminal contempt of court, placed him in jail for ten days, and directed that he reappear before the trial court at a later date to "provide the Court with the name and place of his employment and his income."

On 17 October 1990, Defendant reappeared before the trial court pursuant to the 19 September order and the trial court found "that under the present circumstances [Defendant] is unable to make said child support payments [set by the 15 June 1990 order], but he is able to make some payments to [Plaintiff]." Based on this finding, the trial court ordered Defendant to "pay to [Plaintiff] the sum of $40 in partial payment of the child support previously ordered."

On 9 August 1997, Plaintiff filed a motion to reduce the child support arrears, alleged to be $35,742.30, to judgment. After a hearing on that motion, the trial court, on 8 June 1998, entered an order making the following pertinent findings of fact: (1) Defendant's child support arrears pursuant to the 15 June 1990 order amounted to $31,202.00; and (2) Defendant has not filed a motion to modify his child support obligation since the entry of the 15 June 1990 order.

Based on these findings of fact, the trial court concluded that (1) Defendant had a child support arrearage of $31,202.00, which should be reduced to judgment with interest accruing at the legal rate; and (2) the arrearage should be repaid at the rate of $500.00 per month, payable in weekly installments of $115.38, including interest. An order was entered consistent with these conclusions, along with an order to withhold Defendant's wages.

There is no evidence in this record and it is undisputed that Defendant has never made a motion to modify his child support obligation set by the 15 June 1990 order.

---

[1] The dispositive issue is whether a trial court, absent a specific motion to modify a child support order, may modify a parent's child support obligation.

Defendant contends the trial court's 17 October 1990 order allowing a partial payment of $40.00 per week constituted a modification of his child support obligation and he therefore owes no arrearage. We disagree.

Our reading of the record does not indicate the trial court intended to modify Defendant's child support obligation set in the 15 June 1990 order. The issue before the trial court related to Defendant's contempt of the 15 June order. The trial court, therefore, was well within its authority to find Defendant in contempt, but allow him to purge himself of contempt upon a payment of some amount less than that owed.

In any event, even if the trial court intended to modify the child support obligation, it was without authority to do so. An order setting child support only may be modified "upon motion in the cause and a showing of changed circumstances by either party." N.C.G.S. § 50-13.7(a) (1995). Accordingly, a trial court is without authority to *sua sponte* modify an existing support order. *See Kennedy v. Kennedy*, 107 N.C. App. 695, 703, 421 S.E.2d 795, 799 (1992) (trial court may modify custody only upon a motion by either party or anyone interested). The trial court's jurisdiction is limited to the specific issues properly raised by a party or interested person. *Smith v. Smith*, 15 N.C. App. 180, 182-83, 189 S.E.2d 525, 526 (1972) (it was error for trial court to modify custody or support when only question before court was alimony); *Royall v. Sawyer*, 120 N.C. App. 880, 882, 463 S.E.2d 578, 580 (1995) (trial court may not modify child support upon a motion to modify child custody as that issue was not before the court).

In this case, the only issue before the trial court was whether Defendant was in contempt of court for failure to comply with the child support obligation of the 15 June order. There was no pending motion made by anyone seeking to modify the child support obligation. The trial court, therefore, did not have the requisite authority to modify Defendant's obligation. Even if the trial court had the authority to modify the support obligation, it would only apply prospectively and could not reduce the support obligation accrued before 17 October 1990. *Craig v. Craig*, 103 N.C. App. 615, 619, 406 S.E.2d 656, 658-59 (1991).

[2] Defendant makes the alternative argument that the order of the trial court, entering a judgment for the arrearage, must be reversed because Plaintiff presented no evidence that his failure to comply with the 15 June order was willful or without lawful excuse. There is no such requirement. *See Fitch v. Fitch*, 115 N.C. App. 722, 446 S.E.2d 138 (trial court may reduce child support arrears to judgment upon proper motion, a judicial determination of amount properly due, and

SMITH v. CHAMPION INT'L

[134 N.C. App. 180 (1999)]

final judgment for the proper amount due), *appeal dismissed*, 338 N.C. 309, 452 S.E.2d 309 (1994). Accordingly, the trial court properly reduced Defendant's child support arrears to judgment.

Affirmed.

Judges MARTIN and McGEE concur.