ANGELA MARIA HENDERSON (NOW ANGELA MARIA WHITE), PLAINTIFF V.
JAMES BRYANT HENDERSON, DEFENDANT

No. COA03-980

(Filed 20 July 2004)

**1. Appeal and Error— preservation of issues—failure to make argument**

Plaintiff's two assignments of error that she failed to argue in her brief are deemed abandoned pursuant to N.C. R. App. P. 28(b)(5).

**2. Child Support, Custody, and Visitation— child support— modification**

The trial court erred by modifying plaintiff mother's child support obligation where such a modification was not requested by the parties, because: (1) the only issue before the trial court was whether primary custody of the minor child would remain with defendant or be awarded to plaintiff; and (2) there was no motion before the court seeking to modify child support.

Judge TYSON dissenting.

Appeal by plaintiff from judgment entered 27 February 2003 by Judge Daniel F. Finch in Granville County District Court. Heard in the Court of Appeals 21 April 2004.

*John M. Dunlow, attorney for plaintiff.*

*Currin & Dutra, LLP, by Thomas L. Currin and Amy R. Edge for defendant.*

TIMMONS-GOODSON, Judge.

Angela Maria Henderson ("plaintiff") appeals the trial court's judgment ordering her to pay $488 per month in child support to James Bryant Henderson ("defendant"). For the reasons stated herein, we vacate the judgment in part and remand the case to the trial court.

The factual and procedural history of this case is as follows: Plaintiff and defendant were married from 1 September 1984 to 7 March 1995. Their daughter, Michelle Wade Henderson ("Michelle"), was born on 30 November 1990. When the parties divorced, the trial

court ordered that the parties share joint custody of Michelle, and that her primary residence be with defendant. Plaintiff was ordered to pay $100 per month in child support to defendant. In December 2001, defendant became engaged to a woman living in California. Defendant and his fiancée agreed that defendant would move to California. In January 2002, defendant informed plaintiff that he intended to move to California at the end of the school year, and he planned to take Michelle with him.

On 26 February 2002, plaintiff filed a Motion in the Cause seeking modification of the "custodial arrangements" and containing the following prayers for relief:

1. That the Court enter an Order granting the Plaintiff and Defendant joint custody of the minor child, Michelle Wade Henderson, and award primary residence to the Plaintiff and visitation with the Defendant.

2. That the Court enter a preliminary injunction enjoining the Defendant from relocating the minor child's residence pending a full hearing on the merits of this Motion.

3. That the Court accept this verified motion as an affidavit on which to base further orders of the Court.

4. For such other and further relief as the Court deems proper and just.

The trial court conducted an evidentiary hearing on 12 July 2002. At the conclusion of the hearing, the trial judge ordered that if defendant moves to California, then it would be in the best interests of the child that primary custody be with defendant, subject to reasonable visitation with plaintiff. The trial judge also directed from the bench that "if the visitation occurs, and if the modified visitation schedule is arranged, that the child support obligation be calculated according to the North Carolina Child Support Guidelines as required by law." On 27 February 2003, the trial court issued its judgment, ordering plaintiff to pay defendant $488 per month in child support. It is from this judgment that plaintiff appeals.

[1] As an initial matter, we note that plaintiff's brief contains arguments supporting only three of the original five assignments of error on appeal. The two omitted assignments of error are deemed abandoned pursuant to N.C.R. App. P. 28(b)(6) (2004).

HENDERSON v. HENDERSON

[165 N.C. App. 477 (2004)]

We therefore limit our review to those assignments of error addressed in plaintiff's brief.

[2] The dispositive issue on appeal is whether the trial court erred by modifying plaintiff's child support obligation where such a modification was not requested by the parties. We hold that the trial court erred by ordering the modification.

"An order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances . . . ." N.C. Gen. Stat. § 50-13.7 (2003). The trial court may not, on its own, modify an existing child support order. Instead, "[t]he trial court's jurisdiction is limited to the specific issues properly raised by a party or interested person." *Bogan v. Bogan*, 134 N.C. App. 176, 179, 516 S.E.2d 641, 643 (1999) (*citing Smith v. Smith*, 15 N.C. App. 180, 182-83, 189 S.E.2d 525, 526 (1972)).

The case *sub judice* is analogous to *Royall v. Sawyer*, 120 N.C. App. 880, 463 S.E.2d 578 (1995). In *Royall*, the divorced parents entered into a consent order for child support. Later, the trial court convened to resolve a custody dispute between the parents. Included in the trial court's judgment on the custody issue was an order that the child attend a private boarding school, and that the father pay for the child's tuition and fees. This Court held that "[t]he only issue before the trial court was the custody of plaintiff's and defendant's son. There was no motion before the trial court to modify the child support. Accordingly, the trial court was without authority to issue an order modifying an earlier Consent Order setting child support." 120 N.C. App. at 882, 463 S.E.2d at 580.

We conclude that, as in *Royall*, the only issue before the trial court in this case was whether primary custody of Michelle would remain with defendant or be awarded to plaintiff. There was no motion before the court seeking to modify child support. In fact, the Court's statement regarding child support was a conditional statement. The modification of child support was contemplated to take place only in the event that defendant and Michelle moved to California. Thus, the trial court was without authority to modify the existing child support arrangement. For these reasons, we hereby vacate the portion of the trial court's judgment that modifies the existing child support arrangement. Accordingly, it is not necessary to address defendant's remaining assignments of error.

VACATED IN PART AND REMANDED.

Judge McGEE concurs.

Judge TYSON dissents.

TYSON, Judge dissenting.

The majority's opinion vacates the trial court's order and remands this case to the trial court, holding "the trial court was without authority to modify the existing child support arrangement," when the only issue before the trial court was whether primary custody of the minor child would remain with defendant or be awarded to plaintiff. I respectfully dissent.

## I. Modification of Child Support

The general rule is that a trial court may not, *sua sponte*, modify an existing child support order. *Bogan v. Bogan*, 134 N.C. App. 176, 179, 516 S.E.2d 641, 643 (1999). "The trial court's jurisdiction is limited to the specific issues properly raised by a party or interested person." *Id.* at 179, 516 S.E.2d at 643 (citing *Smith v. Smith*, 15 N.C. App. 180, 182-83, 189 S.E.2d 525, 526 (1972)). However, Rule 15(b) of the North Carolina Rules of Civil Procedure provides an exception to the general rule. "When issues not raised by the pleadings are tried by the express or *implied consent* of the parties, they shall be treated in all respects as if they had been raised in the pleadings." N.C. Gen. Stat. § 1A-1, Rule 15(b) (2003) (emphasis supplied). "A formal amendment to the pleadings 'is needed only when evidence is objected to at trial as not within the scope of the pleadings.' " *Taylor v. Gillespie*, 66 N.C. App. 302, 305, 311 S.E.2d 362, 364, *disc. rev. denied*, 310 N.C. 748, 315 S.E.2d 710 (1984) (quoting *Securities & Exchange Commission v. Rapp*, 304 F.2d 786 (2d Cir. 1962)).

In *Browne v. Browne,* the trial court entered an order of child support against the defendant. 101 N.C. App. 617, 620, 400 S.E.2d 736, 738 (1991). In reviewing whether the amount of child support was correct, this Court acknowledged that the issue of child support was not raised within the scope of the original pleadings. *Id.* at 624, 400 S.E.2d at 740-41. However, we held:

> [O]ur review of the record does not reveal any motion by either party requesting the trial court to conduct a hearing to determine the reasonable needs of the children or the relative ability of each

parent to pay support for the children. However, when the case was called for trial, *both parties introduced evidence on these relevant issues without objection and the trial court heard the evidence.* Therefore, any failure by this defendant to give proper notice of his request that a hearing be conducted was waived.

*Id.* (emphasis supplied) (citing *J.D. Dawson Co. v. Robertson Marketing, Inc.*, 93 N.C. App. 62, 66, 376 S.E.2d 254, 256 (1989); *Brandon v. Brandon*, 10 N.C. App. 457, 460, 179 S.E.2d 177, 179 (1971)).

Here, the record shows that the only matter formally before the trial court in plaintiff's original pleading was whether the minor child would remain in the custody of defendant or whether custody would be awarded to plaintiff. At trial, *both* parties presented evidence regarding the annual earnings of each and the amount of child support plaintiff was currently paying. Without objection, defendant's attorney cross-examined plaintiff's present husband regarding the amount of money plaintiff currently earned and the amount of child support she presently paid to defendant. On redirect, plaintiff's attorney questioned plaintiff's present husband regarding the same information.

Defendant testified on direct examination, without objection from plaintiff's attorney, regarding the amount of money he currently earned, the amount of money plaintiff currently earned, the amount of child support plaintiff currently paid, and the previous agreement between plaintiff and defendant regarding child support. Plaintiff's attorney also failed to object when the trial court ordered in open court that plaintiff's child support obligation for the minor child be modified and calculated according to the North Carolina Child Support Guidelines. At the conclusion of the trial court's ruling, plaintiff's attorney was asked by the court, "Anything further for the moving party?" Plaintiff's attorney responded, "No."

Both parties presented evidence regarding the amount of child support paid and the amount both parties currently earned annually. Plaintiff failed to object to the presentation of any of this evidence as being outside the scope of the pleadings. A formal amendment to the pleadings was not needed. *Gillespie*, 66 N.C. App. at 305, 311 S.E.2d at 364. The issue of child support was tried without objection and by the implied consent of both parties. Therefore, the issue of child support "shall be treated in all respects as if [it] had been raised in the pleadings." N.C. Gen. Stat. § 1A-1, Rule 15(b).

## II. Failure to Object

Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure states:

> In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion.

N.C.R. App. P. 10(b)(1) (2004). Plaintiff waived her right to appellate review of this issue by: (1) failing to object at trial to the presentation of evidence regarding child support and the trial court's order modifying child support; and (2) presenting evidence regarding child support. *Id.* Plaintiff's assignments of error and appeal should be dismissed.

## III. Conclusion

Plaintiff failed to object to either the presentation of evidence regarding the modification of child support or the trial court's order modifying child support. Plaintiff also presented evidence regarding the issue of child support. Under Rule 15(b), this issue was "tried by the . . . *implied consent* of the parties . . . ." N.C. Gen. Stat. § 1A-1, Rule 15(b) (emphasis supplied). Plaintiff waived her right to appellate review of this issue. I vote to dismiss plaintiff's assignments of error and appeal. I respectfully dissent.