JEANNETTE PARROTT (KRISS), Plaintiff
v.
JAY LAWRENCE KRISS, Defendant
No. COA09-593.
Court of Appeals of North Carolina.
Filed May 18, 2010.
McAfee Law, P.A., by Robert J. McAfee, for plaintiff-appellant.
No brief filed for defendant-appellee.

UNPUBLISHED OPINION
CALABRIA, Judge.
Jeannette Parrott ("plaintiff") appeals an order modifying Jay Lawrence Kriss's ("defendant") child support. We affirm in part and vacate and remand in part.

I. BACKGROUND
Plaintiff and defendant (collectively "the parties") were married on 31 December 1988 and separated on 12 August 1998. On 18 November 1998, the parties agreed to settle issues of child custody and child support, and the trial court entered a consent order ("the 1998 consent order"). The trial court ordered that plaintiff was awarded custody and defendant was awarded visitation of "Jackson," the older child, and "Ryan," the younger child,[1] (collectively "the children"). For child support and related support issues, the court ordered, inter alia: (1) that defendant shall pay the sum of $1,400.00 per month in child support for the benefit of the children; (2) the parties shall each provide one-half of the private school tuition for the children when both children enroll at the private school;[2] (3) the parties shall each be responsible for paying one-half of all costs and fees for the children's extracurricular activities.
On 3 April 2002, defendant filed a Motion in the Cause ("the motion"), alleging a substantial change in circumstances since the entry of the 1998 consent order. Defendant alleged that he was unable to comply with the 1998 consent order because he had undergone periods of unemployment. Although defendant was employed in another state, he earned less than the amount that he earned in 1998. Specifically, he earned only about $300.00 per week. Defendant stated he was in debt because of unemployment, unable to pay the monthly support obligation of $1,400.00, and in arrears on his child support payments. Defendant contended that, based on his situation, the belief that plaintiff was employed and earning substantial income and that the 1998 consent order was more than three years old, a substantial change in circumstances existed. Defendant requested a reduction in his child support obligation in accordance with the North Carolina Child Support Guidelines ("the Guidelines").
On 16 October 2008, the trial court granted defendant's motion for a modification ("the 2008 order") of his child support obligation. The trial court concluded as a matter of law that there was a substantial change in circumstances in 2003 and each year thereafter through June 2008 "because there was a 15% variance and Defendant was acting in good faith to earn an income sufficient to financially support his children." The trial court ordered defendant to pay child support arrears for the following years: 2003  $13,932.00; 2004  $10,164.00; 2005  $8,292.00; 2006  $10,705.68; 2007  $13,848.72. For the period from 1 January 2008 through June 2008, defendant was ordered to pay $5,687.88 in child support arrears.
The trial court further modified the provisions regarding the children's private school tuition and extracurricular activity expenses. The court included these expenses in defendant's child support payment rather than leaving them as additional expenses. Neither the private school tuition nor the extracurricular activity expenses were formerly included as part of the child support obligation in the parties' 1998 consent order. Plaintiff appeals.

II. THE CHILD SUPPORT GUIDELINES PRESUMPTION
Plaintiff argues the trial court erred by relying upon the Child Support Guidelines presumption to justify modifying defendant's child support obligation. More specifically, plaintiff argues the trial court erred because there were no findings in its order regarding changes in the needs of the children. Plaintiff cites Wiggs v. Wiggs, 128 N.C. App. 512, 495 S.E.2d 401 (1998), overruled on other grounds, Pulliam v. Smith, 348 N.C. 616, 501 S.E.2d 898 (1998), as support for her argument. We disagree.
"[A]n order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party . . .." N.C. Gen. Stat. § 50-13.7(a) (2007). "The moving party has the burden of showing changed circumstances." Thomas v. Thomas, 134 N.C. App. 591, 592, 518 S.E.2d 513, 514 (1999) (citation omitted). "`[M]odification of a child support order involves a two-step process. The court must first determine a substantial change of circumstances has taken place; only then does it proceed to . . . calculate the applicable amount of support.'" Trevillian v. Trevillian, 164 N.C. App. 223, 224-25, 595 S.E.2d 206, 207 (2004) (quoting McGee v. McGee, 118 N.C. App. 19, 26-27, 453 S.E.2d 531, 535-36 (1995)).
Preliminarily, we note that even though the consent order was entered in 1998, the order modifying defendant's child support obligation was entered 16 October 2008. The 2006 Guidelines were "effective October 1, 2006, and apply to cases heard and decided on or after that date." N.C. Child Support Guidelines 2009 Ann. R. N.C. 41. The 2006 Guidelines "apply . . . in all legal proceedings involving the child support obligation of a parent . . . ." Id. Therefore, "resolution of this appeal is determined under the 2006 version of the Guidelines, which were in effect at the time of the trial court's order." Head v. Mosier, ___ N.C. App. ___, ___, 677 S.E.2d 191, 195 (2009) (citation omitted).
The Guidelines provide:
In a proceeding to modify the amount of child support payable under a child support order that was entered at least three years before the pending motion to modify was filed, a difference of 15% or more between the amount of child support payable under the existing order and the amount of child support resulting from application of the guidelines based on the parents' current incomes and circumstances shall be presumed to constitute a substantial change of circumstances warranting modification of the existing child support order.
N.C. Child Support Guidelines 2009 Ann. R. N.C. 41, 46.
Plaintiff cites Wiggs for the proposition that "[a]bsent a showing of a change in the needs of the child, only a substantial and involuntary decrease in the non-custodial parent's income can justify a decrease in the child support obligation." However, the Wiggs Court stated that a party can show changed circumstances by offering evidence of any of the following:
[A] substantial increase or decrease in the child's needs; a substantial and involuntary decrease in the income of the non-custodial parent even though the child's needs are unchanged; a voluntary decrease in income of either supporting parent, absent bad faith, upon a showing of changed circumstances relating to child oriented expenses; and, for support orders that are at least three years old, proof of a disparity of fifteen (15) percent or more between the amount of support payable under the original order and the amount owed under North Carolina's Child Support Guidelines based upon the parties' current income and expenses.

Wiggs, 128 N.C. App. at 515, 495 S.E.2d at 403 (emphasis added) (internal citations omitted). Plaintiff is correct that in Wiggs, the trial court erred in modifying the defendant's child support obligation because there were no findings regarding the needs of the children. Id. at 515, 495 S.E.2d at 404. The findings regarding the needs of the children were required for the modification because the Court specifically stated that "[s]ince the original support order had been in effect less than three years at the time of the hearing on defendant's motion to modify child support, she does not receive the benefit of the fifteen (15) percent presumption contained in the North Carolina Child Support Guidelines." Id. at 515-16, 495 S.E.2d at 404.
Wiggs is distinguishable from the instant case. To determine the amount of support according to the Guidelines using the parties' current income and expenses, the trial court made 120 findings of fact regarding defendant's employment history, income, expenses, tax returns, debts, and monthly child support obligations for the ten-year period from 1998 to 2008. Since the court determined there was a 15% variance, and since plaintiff did not rebut the presumption, the trial court concluded as a matter of law that "[t]here was a substantial change in circumstances in 2003 and each year thereafter through June 2008," and that "Defendant's child support obligation should be modified . . . ."
On appeal, plaintiff did not assign error to any of the trial court's 120 findings of fact. Therefore, they are binding on appeal. O'Connor v. Zelinske, 193 N.C. App. 683, 687, 668 S.E.2d 615, 617 (2008). The findings of fact are sufficient to support the trial court's conclusions of law. Since the trial court concluded that defendant satisfied the fifteen percent presumption, defendant was not required to offer evidence of a substantial change in the children's needs. Plaintiff's assignment of error is overruled.

III. MODIFICATION OF CHILD SUPPORT ORDERS
Plaintiff argues that the trial court erred by concluding that defendant proved a substantial change in circumstances in 2003 and each year thereafter because defendant voluntarily created the circumstances causing the change. According to plaintiff, "[t]he issue of an involuntary versus voluntary reduction in income generally arises in the context of a case involving the earnings capacity rule." We disagree.
Plaintiff cites Wolf v. Wolf, 151 N.C. App. 523, 566 S.E.2d 516 (2002), to support her argument.
In Wolf, we stated:
The trial court may refuse to modify support and/or alimony on the basis of an individual's earning capacity instead of his actual income when the evidence presented to the trial court shows that a husband has disregarded his marital and parental obligations by: (1) failing to exercise his reasonable capacity to earn, (2) deliberately avoiding his family's financial responsibilities, (3) acting in deliberate disregard for his support obligations, (4) refusing to seek or to accept gainful employment, (5) wilfully refusing to secure or take a job, (6) deliberately not applying himself to his business, (7) intentionally depressing his income to an artificial low, or (8) intentionally leaving his employment to go into another business.
Id. at 526-27, 566 S.E.2d at 518-19 (citing Bowes v. Bowes, 287 N.C. 163, 171-72, 214 S.E.2d 40, 45 (1975) and Wachacha v. Wachacha, 38 N.C. App. 504, 507-08, 248 S.E.2d 375, 377-78 (1978)).
In the instant case, the trial court made findings contrary to those in Wolf and concluded as a matter of law that defendant acted in good faith to earn an income sufficient to financially support his children. As previously stated, this conclusion was supported by unchallenged findings of fact. Since defendant showed, and the court concluded, that he was acting in good faith to earn an income sufficient to support his children, the trial court did not err by concluding that a substantial change in circumstances warranted modification of the existing child support order. This assignment of error is overruled.

IV. ADDITIONAL EXPENSES
Plaintiff argues that the trial court abused its discretion by modifying defendant's obligation to pay one-half of the private school tuition and expenses for extracurricular activities for the children. Neither the private school tuition nor the extracurricular activity expenses were formerly included as part of the child support obligation in the parties' 1998 consent order. More importantly, defendant did not seek relief for those expenses in his motion to modify his child support.
"The trial court may not, on its own, modify an existing child support order. Instead, `[t]he trial court's jurisdiction is limited to the specific issues properly raised by a party or interested person.'" Henderson v. Henderson, 165 N.C. App. 477, 479, 598 S.E.2d 433, 434 (2004) (quoting Bogan v. Bogan, 134 N.C. App. 176, 179, 516 S.E.2d 641, 643 (1999)). "Our review of a child support order is limited to determining whether the trial court abused its discretion." Brind'Amour v. Brind'Amour, ___ N.C. App. ___, ___, 674 S.E.2d 448, 452 (2009) (citation omitted).
Under this standard of review, the trial court's ruling will be overturned only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision. The trial court must, however, make sufficient findings of fact and conclusions of law to allow the reviewing court to determine whether a judgment, and the legal conclusions that underlie it, represent a correct application of the law.
Roberts v. McAllister, 174 N.C. App. 369, 374, 621 S.E.2d 191, 195 (2005) (internal citations omitted).
In the instant case, defendant's child support obligation was $1,400.00 per month according to the 1998 consent order. In addition, the parties were to equally divide the tuition and costs of the children's private school education as well as the costs associated with the children's extracurricular activities.
On 3 April 2002, when defendant moved for a modification of his child support obligation in accordance with the Guidelines, he explained his financial situation in his motion. Defendant's motion stated, in pertinent part:
That earning $300.00 per week does not allow for the payment of $1,400.00 a month child support for two children, maintaining health insurance, paying one-half of the tuition at [the children's private school], paying one-half of extracurricular expenses, and paying one-half of uninsured medical and dental expenses for the children, and one-half of extra educational expenses.
Although defendant's motion requested only a reduction of his child support obligation, the trial court ordered:
18. As of January 1, 2003, the children's extracurricular activity expenses incurred by Plaintiff are included in child support and should not be ordered to be paid by Defendant as a separate payment to Plaintiff.
...
21. As of January 1, 2003, tuition and fees incurred by Plaintiff for the children should not be ordered to be paid or reimbursed by Defendant, including any deposits or prepayments of tuition and fees that were due prior to January 1, 2003 but that covered tuition and fees for the 2003 spring semester.
Defendant's motion to modify requested a reduction in his monthly child support obligation. Defendant did not specifically seek to modify other provisions regarding expenses for private school tuition and extracurricular activities. Therefore, the only issue properly before the court was the issue of the amount of his child support. By including expenses for private school tuition and extracurricular activities in defendant's child support obligation, the trial court essentially modified a portion of the order on its own. The trial court erred by modifying, on its own, the portion of the order that was not properly before the court. We vacate the order modifying defendant's child support obligation and remand this case to the trial court.

V. CONCLUSION
Defendant filed a notice of cross-appeal of the 16 October 2008 order. However, defendant has not included any assignments of error in the record, and he did not file a brief with this Court. Under N.C. R. App. P. 9(a)(1)(k) (2009), the record on appeal must include assignments of error. Furthermore, under N.C. R. App. P. 10(a) (2009), our review is limited to "a consideration of those assignments of error set out in the record on appeal . . . ." "Where the record contains no assignments of error, this is grounds for dismissal for failure to comply with the appellate rules." Robinson, Bradshaw & Hinson v. Smith, 129 N.C. App. 305, 319, 498 S.E.2d 841, 851 (1998) (citing Williams v. Denning, 260 N.C. 540, 542, 133 S.E.2d 148, 149 (1963)); see also Sidden v. Mailman, 150 N.C. App. 373, 563 S.E.2d 55 (2002); Hartman v. Hartman, 80 N.C. App. 452, 343 S.E.2d 11 (1986). Therefore, we dismiss defendant's cross-appeal pursuant to N.C. R. App. P. 34(b)(1) (2009).
Plaintiff's assignments of error which are not argued in her brief are abandoned pursuant to N.C. R. App. P. 28(b)(6) (2009).
We affirm the trial court regarding a substantial change in circumstances based on the Child Support Guidelines Presumption. Although defendant's decrease in income was partially voluntary, the trial court concluded he acted in good faith. We vacate the portion of the order that included the tuition and extracurricular activities in defendant's child support obligation and remand for that portion of the order to be restated in accordance with the 1998 consent order.
Affirmed in part, vacated and remanded in part.
Judges HUNTER, Robert C. and GEER concur.
Report per Rule 30(e).
NOTES
[1] We will refer to the minor children by these pseudonyms.
[2] At the time of the consent order, Ryan was not of school-age.