An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1216

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

JUSTICE, HUGH,
     Plaintiff

v.

MAYES, LINDA,
     Defendant

McDowell County
No. 11-CVS-1014

Appeal by plaintiff from judgment entered 28 March 2013 by Judge Gary M. Gavenus in McDowell County Superior Court. Heard in the Court of Appeals 4 March 2014.

*Hugh Justice, pro se.*

*No appellee brief filed.*

ERVIN, Judge.

Plaintiff Hugh Justice appeals from a judgment entered based upon a jury verdict awarding Plaintiff $3,314.00 in compensatory damages. On appeal, Plaintiff argues that the trial court erred by requiring the jury to establish a damage award based solely upon his claim for malicious prosecution instead of allowing the jury to award damages based upon claims for other causes of action, such as defamation, which he

contends were established by Defendant's failure to respond to certain requests for admission. After careful consideration of Plaintiff's challenge to the trial court's judgment in light of the record and the applicable law, we conclude that the trial court's judgment should be affirmed.

## I. Factual Background

Plaintiff and Defendant Linda Susan Mayes, a/k/a Linda Hendrix, a/k/a Linda Mayes McPeters, reside in McDowell County and live adjacent to each other. On approximately 2 December 2010, Defendant asserted that Plaintiff had grabbed her by the arm and thrown her in a ditch. Subsequently, Defendant asserted that Plaintiff had threatened to "cut her throat and burn her house down with her in it." Although Defendant procured the issuance of warrants charging Plaintiff with simple assault and communicating threats,[1] these charges were dismissed by the trial court when Defendant was unable to prove her accusations.

On 24 November 2011, Plaintiff filed a complaint alleging that he was entitled to recover damages from Defendant for

---

[1]Although the record before us is not entirely clear with respect to this issue, we assume that the communicating threats charge upon which Plaintiff's claim was based stemmed from Defendant's statement that Plaintiff had threatened to cut her throat and burn down her house.

malicious prosecution,[2] with his damage claim including a request for an award of $150,000 in compensatory damages and an award of punitive damages in an amount to be determined by the jury. In his complaint, Plaintiff alleged that the assault and communicating threats warrants that Defendant had sworn out against him lacked any legitimate factual basis and had been obtained with the intent to harm Plaintiff's reputation.

On 14 December 2011, Defendant filed an answer in which she denied the material allegations set out in Plaintiff's complaint. On 6 August 2012, Plaintiff served an extensive request for admissions on Defendant. In view of the fact that Defendant failed to respond to Plaintiff's request for admissions, the factual assertions set out in that discovery request were deemed to have been judicially admitted.

On 26 October 2012, Plaintiff moved for the entry of summary judgment in his favor, with this request being based on Defendant's failure to respond to his request for admissions. According to the assertions advanced in Plaintiff's motion, Defendant's admissions established the existence of the showing required to support a recovery for defamation, private nuisance,

---

[2]In spite of the fact that Plaintiff made reference to a defamation action in the caption of his complaint, the actual allegations set out in that pleading, which was filed *pro se*, clearly reflect an attempt to allege a claim for malicious prosecution.

and intentional infliction of emotional distress. Defendant neither responded to Plaintiff's summary judgment motion nor appeared at the 6 November 2012 hearing held for the purpose of considering Plaintiff's motion. On 28 November 2012, Judge Laura J. Bridges entered an order granting summary judgment in Defendant's favor.

As a result of the need for a proper determination of the amount of damages that Plaintiff was entitled to recover from Defendant, this case came on for hearing before the trial court and a jury at the 21 February 2013 civil session of the McDowell County Superior Court. Once again, Defendant failed to appear. At trial, Plaintiff unsuccessfully argued that he was entitled to recover damages on the basis of a number of substantive claims, such as defamation, in addition to malicious prosecution. After the presentation of Plaintiff's evidence and the delivery of the trial court's instructions, the jury returned a verdict awarding Plaintiff $3,314.00 in compensatory damages and declining to award Plaintiff any punitive damages.[3]

After the return and acceptance of the jury's verdict, Plaintiff filed a motion for new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59. Following a hearing concerning the

---

[3]At trial, Plaintiff presented evidence that he had incurred $3,314.00 in costs as a result of the fact that Defendant prosecuted him for assault and communicating threats.

merits of Plaintiff's motion held at the 26 March 2013 civil session of McDowell County Superior Court, the trial court entered an order denying Plaintiff's motion for new trial on 26 March 2013 and a judgment ordering that Plaintiff have and recover $3,314.00 from Defendant on 28 March 2013. Plaintiff noted an appeal to this Court from the trial court's judgment.

## II. Substantive Legal Analysis

In the sole argument advanced in his brief, Plaintiff argues that the trial court erred by refusing to allow the jury to award him damages on the basis of claims other than malicious prosecution, such as defamation.[4] In support of that contention, Plaintiff argues that Defendant's failure to respond to his request for admissions established the validity of claims other than malicious prosecution and that the trial court should have allowed the jury to base its damage award on these additional claims rather than limiting his damage award to one which compensated him for having been maliciously prosecuted for assault and communicating threats. Plaintiff's argument lacks merit.

## A. Standard of Review

---

[4]In his brief, Plaintiff asserts that the admissions to which Defendant failed to respond established that he had twenty-six valid claims against Defendant in addition to malicious prosecution. However, the only specific additional claim that Plaintiff discusses in his brief is one for defamation.

Although the form and number of the issues submitted to the jury is, as a general proposition, within the sound discretion of the trial court, *Wilson v. Pearce*, 105 N.C. App. 107, 112, 412 S.E.2d 148, 150, *disc. review denied*, 331 N.C. 291, 417 S.E.2d 72 (1992), the trial court is required "to instruct the jury upon the law with respect to every substantial feature of the case" that arises upon the evidence. *Mosley & Mosley Builders, Inc. v. Landin Ltd.*, 87 N.C. App. 438, 445, 361 S.E.2d 608, 612 (1987), *cert. dismissed*, 322 N.C. 607, 370 S.E.2d 416 (1988). As a result, "[i]f a party contends that certain acts or omissions constitute a claim for relief or a defense against another, the trial court must submit the issues with appropriate instructions if there is evidence which, when considered in the light most favorable to the proponent, will support a reasonable inference of each essential element of the claim or defense asserted." *Cockrell v. Cromartie Transp. Co.*, 295 N.C. 444, 449, 245 S.E.2d 497, 500 (1978) (citations omitted). "A specific jury instruction should be given when '(1) the requested instruction was a correct statement of law and (2) was supported by the evidence, and that (3) the instruction given, considered in its entirety, failed to encompass the substance of the law requested[,] and (4) such failure likely misled the jury.'" *Outlaw v. Johnson*, 190 N.C. App. 233, 243, 660 S.E.2d

550, 559 (2008) (quoting *Liborio v. King*, 150 N.C. App. 531, 534, 564 S.E.2d 272, 274, *disc. review denied*, 356 N.C. 304, 570 S.E.2d 726 (2002)). On the other hand, "when the issues submitted cover the factual matters disputed under the pleadings and enable the parties to fairly present their contentions in regard to them it is not error to refuse to submit other issues." *Nolen Concrete Supply, Inc. v. Buchanan*, 78 N.C. App. 409, 411, 337 S.E.2d 129, 130 (1985). We review challenges to the legal correctness of a trial court's jury instructions using a *de novo* standard of review. *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009).

### B. Validity of Trial Court's Instructions

### 1. Relevant Legal Principles

"The most fundamental tenet of modern pleading rules is that the pleadings should give 'sufficient notice of the claim asserted to enable the adverse party to answer and prepare for trial . . . and to show the type of case brought.'" *Holloway v. Wachovia Bank & Trust Co., N.A.*, 339 N.C. 338, 347, 452 S.E.2d 233, 238 (1994) (quoting *Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E.2d 161, 165 (1970) (internal quotation omitted)). "'A plaintiff must make out his case *secundum allegata*,'" so that "'[t]here can be no recovery except on [a] case made by [the] pleadings,'" with "'[p]roof without allegation [being] no better

than allegation without proof.'" *Moody v. Kersey*, 270 N.C. 614, 618, 155 S.E.2d 215, 218 (1967) (quoting *Andrews v. Bruton*, 242 N.C. 93, 95, 86 S.E.2d 786, 788 (1955)). As a result, in most instances, the trial court's judgments must be based upon issues raised in the party's pleadings and supported by sufficient record evidence.

In recognition of the fact that he failed to allege any substantive claim in his complaint other than malicious prosecution, Plaintiff argues that the other claims that he contends that the trial court should have allowed the jury to consider were properly before the court and jury under a "litigation by consent" theory. According to that theory, "when a non-objecting party allows evidence to be presented at trial outside the scope of the pleadings, the pleadings are deemed amended to conform to the evidence, and no formal amendment is required." *McDevitt v. Stacy*, 148 N.C. App. 448, 455, 559 S.E.2d 201, 208 (2002) (citing *Roberts v. Memorial Park*, 281 N.C. 48, 59, 187 S.E.2d 721, 727 (1972)). As a result, "'[w]hen issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings[,]'" *Taylor v. Gillespie*, 66 N.C. App. 302, 304, 311 S.E.2d 362, 364 (quoting N.C. Gen. Stat. § 1A-1, Rule 15(b)), *disc. review*

*denied*, 310 N.C. 748, 315 S.E.2d 710 (1984), since N.C. Gen. Stat. § 1A-1, Rule 15(b) "allows issues to be raised by liberal amendments to pleadings, and, in some cases, by the evidence, the effect of the rule being to allow amendment by implied consent to change the legal theory of the cause of action so long as the opposing party has not been prejudiced in presenting his case, i.e., where he had a fair opportunity to defend his case." *Id.* at 305, 311 S.E.2d at 364. On the other hand, where "issue[s] purportedly raised by the evidence [are] not tried by the consent of the parties, it [is] not error for the court to refuse to amend the pleadings." *Paris v. Michael Kreitz, Jr., P.A.*, 75 N.C. App. 365, 376, 331 S.E.2d 234, 242, *disc. review denied*, 315 N.C. 185, 337 S.E.2d 858 (1985).

### 2. Lack of Litigation by Consent in this Case

The essential argument advanced in Plaintiff's brief is that Defendant's admissions were sufficient to establish several additional causes of action not set forth in his complaint and that, given Defendant's failure to respond to these requests for admission or to lodge an objection to the consideration of these additional claims at any other time, Defendant impliedly consented to the litigation of these additional claims. Based upon this logic, Plaintiff argues that the trial court was required to allow the jury to award damages arising from these

additional claims in addition to the damages arising from his malicious prosecution claims. Plaintiff's argument stretches the concept of an implied amendment to the pleadings past the breaking point.

As we have already noted, the only claim asserted in Plaintiff's complaint was one for malicious prosecution. After having asserted nothing more than a malicious prosecution claim in his complaint, Plaintiff sought and obtained the entry of summary judgment based upon an evidentiary showing consisting of Defendant's failure to respond to his requests for admission, all of which were relevant to aspects of his malicious prosecution claim. Although Defendant did assert in his summary judgment motion that he had established the validity of other claims for relief, he did not seek to amend his complaint at that time to assert any of the other claims that he mentioned in that filing. Instead, Plaintiff did not explicitly attempt to assert these additional claims until after summary judgment had been granted in his favor, the case had been called for trial on the sole issue of the amount of damages that he was entitled to receive based upon his malicious prosecution claim, and Defendant failed to appear. Under this set of circumstances, we are unable to say that the issue of whether Plaintiff was entitled to recover damages from Defendant based upon claims

other than malicious prosecution was ever really tried by consent, an event that generally occurs when the parties both participate in the litigation of the issue in question. Simply put, having asserted nothing more than a claim for malicious prosecution in his original complaint and having failed to put Defendant on notice of his intentions in advance of trial by seeking leave to amend his complaint to assert the additional claims, we are unable to accept Plaintiff's contention that his attempt to substantially expand the scope of this litigation to include multiple additional claims that he had never attempted to assert in his pleadings and that Defendant had never agreed, explicitly or implicitly, to have heard, amounted to nothing more than the trial of additional issues by consent as authorized by N.C. Gen. Stat. § 1A-1, Rule 15(b). As this Court has previously noted, "'[d]espite the broad remedial purposes of this provision, however, [N.C. Gen. Stat. § 1A-1,] Rule 15(b) does not permit judgment by ambush.'" *Paris*, 75 N.C. App. at 375, 331 S.E.2d at 242 (quoting *Eudy v. Eudy*, 288 N.C. 71, 76, 215 S.E.2d 782, 786 (1975), *partially overruled on other grounds by Quick v. Quick*, 305 N.C. 446, 290 S.E.2d 653 (1982)). As a result, given the manner in which Plaintiff attempted to assert his right to recover damages on the basis of additional claims never asserted in his pleadings, the absence of any legitimate

indication that these additional claims were actually litigated by consent, and the obvious prejudice to Defendant that would result from acceptance of Plaintiff's argument, we conclude that the trial court did not err by failing to instruct the jury that it was entitled to award damages to Plaintiff on the basis of the additional theories upon which Plaintiff now seeks to rely.

### III. Conclusion

Thus, for the reasons set forth above, we conclude that Plaintiff's challenge to the trial court's judgment lacks merit. As a result, the trial court's judgment should be, and hereby is, affirmed.

AFFIRMED.

Judges McGEE and STEELMAN concur.

Report per Rule 30(e).